JOHN H. DONOVAN vs. THE COMMISSIONERS OF FAIR-FIELD COUNTY.

New Haven & Fairfield Cos., Jan. T., 1891. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

The statute (Gen. Statutes, § 3050) which provides for the voting of towns upon the question of licensing the sale of liquor, provides simply that the vote shall be taken by ballot. Held that a ballot cast upon the question of license, at a town meeting where town officers were at the same time voted for, was not void because not placed in a separate box.

The act of 1889 concerning elections (Acts of 1889, ch. 247) has reference only to ballots containing the names of candidates for office. The placing of a ballot upon the license question in the same envelope with a ballot for town officers voted for at the same election, whatever would be its effect upon the ballot for the officers, would have no effect upon the ballot for or against license.

[Argued January 27th,—decided April 20th, 1891.]

APPLICATION for a writ of mandamus; brought to the Superior Court in Fairfield County, and heard, upon a demurrer to the principal paragraphs of the application, before *Robinson*, *J.* Demurrer sustained and judgment rendered for the defendants, and appeal by the plaintiff. The case is fully stated in the opinion.

*A. H. Paige* and *E. L. Staples*, for the appellant.

*A. B. Beers*, for the appellees.

SEYMOUR, J. This is an application for a writ of mandamus to compel the respondents to grant the applicant a license to sell spiritous and intoxicating liquors in the town of Huntington, if they shall find that he is, in their opinion, a suitable person to sell spiritous and intoxicating liquors within the meaning of the law and has complied with all the statutory requirements relating to the granting of licenses.

The questions submitted to this court arise upon the demurrer to paragraphs twelve and thirteen of the application.

Paragraph twelve alleges that, November 8th, 1890, the respondents refused to grant a license to the applicant upon his application, for the sole reason that on the first Monday of October, 1890, at its annual meeting, the town voted "no license," and because the respondents claim to have no discretion in the matter of the application because of that vote, although the respondents find no other reason against the granting of the application.

Paragraph thirteen alleges that the vote of Huntington at its annual town meeting on the first Monday of October, 1890, relating to license, was illegal and void, because at the town meeting there was no box marked "license" in which to deposit the ballots then and there cast by the voters on the license question, and because a separate box was not provided for the reception of said votes, and because the ballots then and there cast by the voters on the license question for and against the granting licenses for the sale of spiritous and intoxicating liquors, were placed in the official

Donovan *v.* Fairfield County Commissioners.

envelopes, provided by the secretary of the state, to be used at said town meeting, together with the ballots then and there cast by the voters of the town in accordance with chapters 247 and 181 of the public acts of 1889.

The respondents demurred to the application on the ground —1st. That upon the facts as set forth in paragraphs 12 and 13 it appears that the vote of the town of Huntington cast on the first Monday of October, 1890, upon the question of license, was legal and valid, and that the vote was in favor of no license, and was not illegal and void as claimed by the plaintiff.

2d. Because upon the facts set forth in paragraphs 12 and 13 of the application it appears that the plaintiff is not entitled to a license under the laws of the state of Connecticut.

3d. Because upon the facts set forth in paragraphs 12 and 13, the respondents, as county commissioners of Fairfield County, could not legally grant a license to sell spiritous and intoxicating liquors in the town of Huntington, and any license that might have been or may be granted by them to sell spiritous and intoxicating liquors in said town would be in violation of sections 3051 and 3053 of the General Statutes of Connecticut and would be illegal and void under the provisions of said sections.

The Superior Court sustained the demurrer and dismissed the application. Thereupon the applicant took an appeal to this court.

The application, as we have seen, is brought to compel the county commissioners to exercise the discretion which the law requires them to exercise in towns where licenses may be granted. There is no application that such discretion should be controlled or directed. The respondents say that it appears from the application itself that they are not only not bound to exercise that discretion, but that it would be unlawful for them so to do, and that the facts stated in the application show that the town of Huntington at its last annual election voted against the granting of licenses in the town.

The applicant does not claim that a majority of the voters

of Huntington who voted at the last annual town meeting voted in favor of license. His application assumes the contrary, and attacks the reason given by the county commissioners for refusing the license, namely, that the town at its last annual town meeting voted "no license," upon the ground that such vote was illegal and void for the reasons stated in the thirteenth paragraph of his application.

If the law makes a vote upon the question of license illegal and void because no box marked "license," nor any separate box, is provided for the ballots,—or because they are placed in the official envelopes, in the manner stated in the application, then of course the courts cannot legalize it. But on the other hand, the law must be clear and explicit that would render void the deliberate action of a town upon this important subject.

Since 1872 the right of local option, as it is called, has been established in this state. At first there was no direction how the vote should be taken. In 1874 the law was amended by providing that the vote should be taken by ballot, and that was the prescribed method at the date of the vote in question. No statute however has been brought to our notice requiring a separate box to be provided for the reception of ballots for or against license, nor are we aware that any exists.

Nor is there any law in any way regulating the disposition of the ballot by the voter. The act of 1889 concerning elections, (Public Acts of 1889, p. 155, chap. 247,) has reference to ballots containing the names of candidates for office. The object was to prevent them from being identified in such a manner as to indicate who might have cast them. We need not enquire whether placing a license ballot in an envelope containing a ballot for officers named in the ninth section of that act, would justify a refusal to count the latter, and require the moderator to keep the ballots and envelope and return them to the town clerk in a separate package from the ballots for officers which are counted at such election. No such question arises here. Suffice it to say that the act has no reference to ballots cast for or against

license and neither added to nor repealed the then existing law upon that subject, which simply requires that the vote upon license should be taken by ballot. That was done in this case. The ballots were counted and the result declared and recorded. Of course there is no natural reason, that is, no reason founded in the nature of things, why a ballot actually cast for or against license in a town meeting legally held for the purpose of deciding that question, should not be counted. The object of the meeting is to discover the wishes of the voters. If that can be discovered it will be made effective unless some positive provision of law has been broken or disregarded in expressing it. No such provision has been broken or disregarded in this case. Nothing has been done with these ballots which the law says shall prevent their registering the will of the voter who cast them.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.