THOMAS P. MURPHY, ADMINISTRATOR (ESTATE OF THOMAS MURPHY) *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER

EILEEN DONNELLY *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER

KING, C. J., MURPHY, SHEA, ALCORN and PALMER, Js.

Argued November 5—decided December 17, 1963

*John J. Kinney, Jr.,* with whom, on the brief, was *Edward M. Reynolds,* for the appellant (plaintiff in the first case).

*David M. Reilly, Jr.,* for the appellant (plaintiff in the second case).

*J. Kenneth Bradley,* with whom were *William B. Rush* and, on the brief, *Francis A. Smith, Jr., Edgar W. Bassick III* and *A. Reynolds Gordon,* for the appellee (defendant in each case).

KING, C. J. These two cases involve separate but similar accidents, each involving the collision of an automobile with an abutment on a highway maintained by the defendant. They were separately

heard in the trial court but on appeal were argued together.

In the Murphy case, suit was instituted against the defendant, as highway commissioner, for the recovery of damages for the wrongful death of the plaintiff's intestate. In the Donnelly case, suit was instituted for the recovery of damages for personal injuries. In each case, the first count of the complaint alleged a cause of action under the so-called defective highway statute; General Statutes § 13-87 (now § 13a-144);[1] and the second count alleged a common-law cause of action predicated on a claim of nuisance created by the defendant's positive act.

In each case, the defendant demurred to the second count, the demurrer was sustained, and, the plaintiff failing to plead over, judgment was rendered for the defendant on that count. From each judgment an appeal has been taken, the sole claim of error being predicated on the sustaining of the demurrer and the subsequent rendition of judgment for the defendant. The first count is not involved in either appeal. Practice Book, 1963, § 604.

Although neither suit names the state of Connecticut as a party defendant, each is brought against the defendant in his capacity as state highway commissioner. The demurrer was sustained on the fundamental ground that the defendant's liability to suit

---

[1] "Sec. 13-87. DAMAGES FOR INJURIES SUSTAINED ON STATE HIGHWAYS OR SIDEWALKS. Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective road . . . [or] bridge . . . which it is the duty of the highway commissioner to keep in repair . . . or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the highway commissioner . . . and the amount of the judgment rendered therein shall, upon the filing with the comptroller of a certified copy of such judgment, be paid by the state . . . ."

extended only to a suit under the defective highway statute, hereinbefore quoted, and that no common-law right of action, in nuisance or otherwise, was maintainable against him.

"Whether a particular action is one against the state is not determined solely by referring to the parties of record. . . . Ordinarily, where a state official has been sued concerning some matter in which he represents the state and the state, though not a named defendant, is the real party against whom relief is sought, so that the judgment, though nominally against the official, will operate to . . . subject . . . [the state] to liability, the suit is, in effect, one against the state . . . ." *Anderson* v. *Argraves,* 146 Conn. 316, 319, 320, 150 A.2d 295. It is obvious that this situation exists here, and that the suit is, in effect, one against the state. 49 Am. Jur., States, Territories, and Dependencies, §§ 92–94; note, 62 A.L.R.2d 1222, 1224.

That a sovereign state is immune from suit, unless it consents to be sued, is the settled law of Connecticut. *State* v. *Kilburn,* 81 Conn. 9, 11, 69 A. 1028; *State* v. *Anderson,* 82 Conn. 392, 394, 73 A. 751; *Anderson* v. *Argraves, supra.* It also appears to be the settled law elsewhere. 49 Am. Jur., States, Territories, and Dependencies, § 91; note, 62 A.L.R.2d 1222, 1224.

The General Assembly, by appropriate legislation, can waive the state's sovereign immunity from suit and authorize suits against the state. Indeed, it has clearly done this in § 13-87, the statute on which the first count was predicated, insofar as the statutory cause of action embraced in that count is concerned. But the state's sovereign right not to be sued without its consent is "not to be diminished by statute, unless a clear intention to that effect on the part of

the legislature is disclosed, by the use of express terms or by force of a necessary implication". *State v. Kilburn,* supra. This proposition also appears to be the general rule. Note, 62 A.L.R.2d 1222, 1235.

It is claimed that the quoted statute gives consent to maintain a common-law action against the state highway commissioner, at least if, as in the second count, it is based on a nuisance in a highway which it is his duty to keep in repair and if that nuisance was caused by the positive act of the highway commissioner. This claim suggests the probable reason for the wholly inefficacious insertion in the second count of the allegation as to the giving of the statutory notice which was required by General Statutes § 13-87 for the maintenance of the statutory cause of action alleged in the first count. However, the words of the statute clearly are not subject to a construction permitting a suit as alleged in the second count, for the only consent to sue given is a consent to the maintenance of the statutory action. If the plaintiff sustained an injury by virtue of a highway or bridge which was defective within the purview of the statutory cause of action, such an action may be maintained under the first count. And this is true whether or not the defective condition might also constitute a common-law nuisance. *Bacon v. Rocky Hill,* 126 Conn. 402, 406, 11 A.2d 399; *Shirlock v. MacDonald,* 121 Conn. 611, 613, 186 A. 562; *Porpora v. New Haven,* 119 Conn. 476, 479, 177 A. 531; *Perrotti v. Bennett,* 94 Conn. 533, 542, 109 A. 890. But if, as is the case here under the second count, recovery is sought in a common-law action, the quoted statute does not confer the requisite consent, and no suit is maintainable. The same rule applies to the statutory consent given in the case of actions for damages for wrongful death.

It is true that a common-law action lies against a municipality if the action is predicated on a condition in a highway which the municipality was bound to maintain and that condition amounted to a nuisance and was created by the positive act of the municipality. *Monick* v. *Greenwich,* 144 Conn. 608, 611, 136 A.2d 501; *DeLahunta* v. *Waterbury,* 134 Conn. 630, 633, 59 A.2d 800; *Bacon* v. *Rocky Hill,* supra. This rule is of no benefit to these plaintiffs in these suits, which are not against a municipality but against the sovereign state of Connecticut. A suit against a municipality is not a suit against a sovereign. Towns have no sovereign immunity, and are "capable of suing and being sued . . . in any action". 1 Swift, System, p. 116; 17 McQuillin, Municipal Corporations (3d Ed.) § 49.02. See also General Statutes §§ 7-194 (1), 52-73, and cases such as *Union* v. *Crawford,* 19 Conn. 331, 333; and *Webster* v. *Harwinton,* 32 Conn. 131, 137, 139. Municipalities do, in certain circumstances, have a governmental immunity from liability. See cases such as *Pope* v. *New Haven,* 91 Conn. 79, 80, 99 A. 51; *Hoffman* v. *Bristol,* 113 Conn. 386, 389, 155 A. 499; *Bacon* v. *Rocky Hill,* supra; *Warren* v. *Bridgeport,* 129 Conn. 355, 358, 28 A.2d 1; and note, 56 A.L.R.2d 1415, 1419, 1431. But that is entirely different from the state's sovereign immunity from suit, which alone is involved in each of these two appeals. This distinction is clearly brought out in our recent case of *Bergner* v. *State,* 144 Conn. 282, 285, 130 A.2d 293. Nor is this any oddity or peculiarity of Connecticut law. Cf. note, 62 A.L.R.2d 1222, 1224 § 2, 1230 § 3.

Since the state did not consent to the maintenance against it of a common-law action in nuisance, its sovereign immunity was not waived, and the common-law action alleged in the second count of

each complaint was not maintainable. *Tuckel* v. *Argraves,* 148 Conn. 355, 357, 170 A.2d 895. It follows that the demurrer to the second count in each case was properly sustained, and since neither plaintiff made any attempt to plead over, judgment was properly rendered for the defendant under the second count in each action.

There is no error in either case.

In this opinion the other judges concurred.