[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT PLEADING #196
The defendants Joseph Iacuone and the City of Derby move for summary judgment on the ground that no genuine issue of material fact exists and that they are entitled to CT Page 2966 judgment in their favor as a matter of law.
This is a personal injury action brought by Thomas O. Malec, conservator for George Plaumann, Sr.; Anita Plaumann, wife of the conservatee, and George Plaumann, Jr., son of the conservatee. By their revised complaint dated August 13, 1990, the plaintiffs allege that the conservatee and Mr. Plaumann, Jr., were standing on the landing of the rear exit from the second floor of the Club Soda Cafe in Derby on October 4, 1986 when the guardrail gave way causing them to fall and sustain serious injuries. The plaintiff Anita Plaumann alleges that as a result of the fall, she has lost the care, companionship and consortium of her husband, Mr. Plaumann, Sr. The plaintiffs further alleges that the guardrail gave way because the defendant, Joseph Iacuone, fire marshal of the defendant City of Derby, performed an "inadequate and negligent inspection of the [Club Soda Cafe], in that he failed to inspect the second floor" and exterior stairway before "certifying that the premises were safe as a liquor establishment and restaurant." Finally, the plaintiffs allege that the defendant City of Derby is liable to them pursuant to Connecticut General Statutes 7-101a and 7-465.
The defendant fire marshal filed an amended answer to the revised complaint on September 4, 1990. The defendant City filed an answer to the revised complaint on September 10, 1990. The defendants filed a joint motion for summary judgment and memorandum in support on September 10, 1990. The City of Derby then filed an amended answer on September 19, 1990 to which the plaintiffs did not object. The plaintiffs filed a memorandum in opposition to the motion for summary judgment along with a request to amend their revised complaint on September 21, 1990. No party submitted affidavits or other documentary proof with its memorandum of law. The plaintiffs' request to amend was objected to by the defendants on October 1, 1990. The parties argued the motion for summary judgment at short calendar on October 1, 1990.
DISCUSSION
"In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated in 257(d), any party may move for summary judgment, provided that the pleadings are closed as between the parties to that motion." Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 3 n. 2 (1986); Conn. Practice Bk. 379 (rev'd 1978, as updated to October 1, 1990). A motion CT Page 2967 for summary judgment may be denied if it is filed before the pleadings are closed. Windsor v. Macri, 4 Conn. App. 460,461 (1985). However, if the parties join in submitting the case to the court before the close of the pleadings, neither can challenge the irregularity of the proceedings thereafter. Avis Rent-A-Car System, Inc. v. Crown High Corp., 165 Conn. 608, 614 (1973). Furthermore, the court may consider a motion for summary judgment, if it examines all the relevant pleadings and renders its decision after the pleadings are closed. See Brookfield201 Conn. at 4-7.
Summary judgment shall be rendered "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Bk 384. Absent sufficient affidavits or other supporting documents, the court may decide the motion for summary judgment on the pleadings alone. See Hossan v. Hudiakoff, 78 Conn. 381, 382 n. 1 (1979).
A "material" fact has been defined as a fact that will make a difference in the result of the case. Catz v. Rubenstein, 201 Conn. 39, 48 (1986). "The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact [and the] court must view the evidence in the light most favorable to the non-movant." Nolan v. Borkowski, 206 Conn. 495, 500 (1988) (citations omitted). Furthermore, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Id.
A party may amend its complaint as of right at any time during the first thirty days after the return date. Practice Bk. 175. After the thirty day period a party may only amend its pleadings by order of the court, by written consent of the adverse party or by filing a request for leave to file such amendment. Practice Bk. 176. If no objection to the request for leave to amend is "filed by any party within fifteen days from the date of the filing of the request, the amendment shall be deemed to have been filed by consent of the adverse party." Id. "The court may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial. Id.
 "While our courts have been liberal in permitting amendments, this liberality has its limitations. Amendments should be made seasonably. Factors to be CT Page 2968 considered in passing on a [request] to fairness to the opposing parties and the negligence, if any, of the party offering the amendment. The [request] to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial."
Beckman v. Jalich Homes, Inc., 190 Conn. 299, 302-03 (1983).
The decision of the trial court regarding a request to amend will not be overturned absent abuse of discretion. Citizens National Bank v. Hubney, 182 Conn. 310, 313 (1980). The supreme court has held that it is not an abuse of discretion to sustain an objection to a request to amend proffered in response to a motion for summary judgment. Conference Center Ltd. v. TRC, 189 Conn. 212, 216-17 (1983) (citing Citizens National Bank v. Hubney,182 Conn. at 313). Accordingly, the Court sustains the defendants' objection to the plaintiffs' request to amend their complaint for the purpose of closing the pleadings before deciding the defendants' motion for summary judgment.
"When any pleading is amended the adverse party may. . ., if he has already pleaded, alter his pleading, if he so desires, within ten days after such amendment. . . ." Practice BK. 177. "If the adverse party fails to plead further, pleadings already filed by him shall be regarded as applicable so far as possible to the amended pleading." Id. The amended answer of the defendant City of Derby contains only minor typographical changes. The plaintiffs' reply to the defendant City's original answer is fully applicable to the defendant City's amended answer. The plaintiffs did not desire to alter their reply to the defendant City's original answer because they did not do so within the time required by Practice Bk. 177. Therefore, the pleadings are closed in this case for purposes of a motion for summary judgment.
The defendants raise three issues for consideration by their memorandum in support of their motion for summary judgment:
 1. Whether any action may be maintained as against Joseph Iacuone individually.
2. Whether any action can be maintained CT Page 2969 in negligence as against the Fire Marshall Iacuone in his professional capacity and, if such action cannot be maintained, whether the action against the City in indemnification be maintained.
 3. Whether an action in recklessness may be maintained against both Fire Marshal Iacuone and the City of Derby when the alleged recklessness consists of mere negligence at best and no additional acts are alleged to support the allegation of recklessness.
The defendants cite Connecticut General Statutes29-298 (b) in support of their argument that Joseph Iacuone cannot be held personally liable to the plaintiffs. Section 29-298 (b) states, in pertinent part, that "[n]o local fire marshal. . . may be held personally liable for any damage to persons or property that may result from any action that is required or permitted in the discharge of his of his official duties while acting for a municipality or fire district. The plaintiffs claim they are not seeking to hold Joseph Iacuone personally liable. The parties agree that the defendant Joseph Iacuone is not liable in his individual capacity.
A suit against a municipality is not a suit against a sovereign. Murphy v. Ives, 151 Conn. 259, 264 (1963). Municipalities, therefore, may sue and be sued. Id.; Fukelman v. Middletown, 4 Conn. App. 30, 32 (1985). In certain circumstances, however, municipalities do enjoy governmental immunity from liability. Murphy,151 Conn. at 264; see also Ryszkiewicz v. New Britain, 193 Conn. 589,593 (1984).
The inquiry begins with a determination of whether the plaintiff has alleged a public or private duty. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). "If a public duty exists, an official can be liable only if the act complained of is a ministerial act or one of the narrow exceptions to discretionary acts applies." Id. "[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Gordon, 208 Conn. at 170 (citing Shore v. Stonington, 187 Conn. 147, 153 (1982)).
"`[A] municipal employee. . . has a qualified immunity CT Page 2970 in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The work "ministerial" "refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." Wright v. Brown, 167 Conn. 464, 471 (1975).'" Evon v. Andrews,211 Conn. 501, 505 (1989 (parallel citation omitted). "`Whether the acts complained of. . . [are] governmental or ministerial is a factual question which depends upon the nature of the act complained of.'" Couture,6 Conn. App. at 311 (quoting Gauvin v. New Haven, 187 Conn. 180,186 (1982).
In support of their argument that the fire marshal's decision not to inspect the second floor of the Club Soda Cafe was discretionary, the defendants cite Evons,211 Conn. at 506, and 1-4.4 of the Connecticut Safety Code entitled Discretionary Powers of State Fire Marshal. However, the court affirmed the granting of the defendants' motion to strike in Evons because the plaintiffs did not allege that the fire marshal failed to inspect the premises. See Evons, 211 Conn. at 506.
In the instant case the plaintiffs allege that the application for a liquor permit for the Club Soda Cafe included "a banquet room on the second floor. . . and associated entrances and exitways." The plaintiffs further allege that the fire marshal failed to inspect the second floor of the Club Soda Cafe. The defendants deny these allegations. Section 29-305 of the Conn. Gen. Stat. state, in pertinent part, that "[e]ach local fire marshal shall inspect or cause to be inspected, at least once each calendar year. . . all buildings and facilities of public service and all occupancies regulated by the fire safety code within his jurisdiction. . . ."
No party to the motion for summary judgment has submitted any affidavits or supporting documents. The issue of whether the premises to be inspected included the second floor banquet room and the associated entrances and exits remains in dispute. This factual determination is material to the instant action in that it will make a difference in the result of the case. Accordingly, the defendants' motion for summary judgment should be denied.
 "Whenever any party desires to obtain (1) a more particular statement of the allegations of an adverse party's pleading, or . . . (3) separation of causes of action which may be united in one complaint when CT Page 2971 they are improperly combined in one count . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading."
Practice Bk. 147.
When any party files any motion subsequent to a request to revise, as provided in 112 and 113, "that party thereby waives any right to seek any further pleading revisions which he might then have requested." Practice Bk. 150. Whether particular conduct rises to the level of recklessness is a question of fact to be determined by a trier. Brock v. Waldron, 127 Conn. 79, 83 (1940).
The defendants are requesting the separation of allegations of negligence, or are requesting a more particular statement of the plaintiffs' allegations of recklessness, they have waived their right to request such revision by failing to file a request to revise. A material issue of fact remains in dispute as to whether the fire marshal's failure to inspect the second floor of the Club Soda Cafe rises to the level of conduct that constitutes a reckless disregard for health and safety under all the relevant circumstances. Finally, the defendants have not sustained their burden of proving that they are entitled to judgment as a matter of law. The defendants' motion for summary judgment is denied.
FRANK S. MEADOW, J.