[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT COMMISSIONER OF TRANSPORTATION'S MOTION TO STRIKE FIFTH COUNT OF COMPLAINT
This case comes to this Court on a motion to strike the fifth count of the plaintiff's complaint. The plaintiff Debra J. Robinson alleges in her complaint that she was injured May 27, 1988 when she was struck by a motor vehicle while crossing the street at the intersection of Ocean Avenue and Bank Street in New London. The first count of plaintiff's five count complaint dated May 9, 1990 alleges negligence on the part of the motor vehicle operator. The second count alleges a defective highway claim pursuant to Connecticut General Statutes section 13a-149 against the defendant City of New London. The third count alleges a common law nuisance claim against the defendant City of New London. The fourth count alleges a defective highway claim pursuant to Connecticut General Statutes section 13a-144 against the defendant J. William Burns, Connecticut Commissioner of Transportation (hereinafter "Commissioner"). The fifth count alleges a common law nuisance claim against the defendant Commissioner.
The defendant Commissioner filed this motion to strike with an accompanying memorandum of law dated CT Page 3644 September 26, 1990, which seeks to strike the fifth count of plaintiff's complaint. The plaintiff filed a memorandum in opposition dated October 9, 1990. This matter was argued to the Court on October 29, 1990.
At oral argument on this motion the plaintiff argued that the subject motion to strike fails to comply with Connecticut Practice Book section 154, which requires a motion to strike raising a claim of legal insufficiency to set forth each claim of legal insufficiency and "distinctly specify the reason or reasons for each such claimed insufficiency." The plaintiff argued that the subject motion to strike should be denied because of its failure to specify the reasons for the claimed insufficiency even though the accompanying memorandum set forth the reasons for the motion.
The defendant's motion to strike states, inter alia:
 The court (sic) purports to state a claim in public nuisance against this defendant; this defendant is not subject to liability under a nuisance theory, and, therefore, the count is insufficient as a matter of law.
In his memorandum of law the defendant Commissioner further states that the state is not liable under a common law theory of nuisance because of the doctrine of sovereign immunity.
Sovereign immunity is a bar to the court's jurisdiction over claims against the state. See Krozser v. New Haven, 212 Conn. 415, 424 (1989); Upson v. State, 190 Conn. 622,625 (1983). Once brought to the attention of the court, a claim of lack of subject matter jurisdiction must be acted upon, regardless of the form of the motion. Castro v. Viera,207 Conn. 420, 429 (1988). Consequently, the Court will rule on the merits of the defendant Commissioner's claim of sovereign immunity, despite the fact that it should have been raised through a motion to dismiss; see Castro v. Viera,207 Conn. 420 at 429 (1988) and regardless of whether the subject motion to strike satisfies the technical requirements of Connecticut Practice Book section 154.
It is well settled law in Connecticut that the state is immune from suit unless the General Assembly, by appropriate legislation, authorizes suits against the state or the state consents to be sued. Lacasse v. Burns, 214 Conn. 464,468 (1990). The so-called "defective highway statute" Connecticut General Statutes section 13a-144, is such a legislative waiver of sovereign immunity where "`(t)he state, CT Page 3645 which ordinarily would not be liable, permitted itself, as a matter of grace, to be sued under the express conditions of the statute.'" Lacasse, 214 Conn. at 468, quoting White v. Burns, 213 Conn. 307, 312 (1990). A suit against the state highway commissioner is a suit against the state, since the state can act only through its officers and agents. See White v. Burns, id. at 312.
In opposition to the defendant Commissioner's motion to strike, the plaintiff cites several cases in which it is held that a common law nuisance claim may be asserted against a municipality, in addition to a statutory claim under the municipal defective highway statute, Connecticut General Statutes section 13a-149. The plaintiff argues that the holdings in these cases should be extended to apply equally to her nuisance claim against the state.
The short answer to the plaintiff's argument can be found in Murphy v. Ives, 151 Conn. 259 (1963). In Murphy, the plaintiffs in the two actions being heard together on appeal had attempted to bring claims of common law nuisance against the state highway commissioner, in addition to claims under the state defective highway statute. The court held that the defective highway statute "does not confer the requisite consent" to suit under a common law theory of nuisance. Murphy, 151 Conn. at 263. The court further noted:
 It is true that a common-law action lies against a municipality if the action is predicated on a condition in a highway which the municipality was bound to maintain and that condition amounted to a nuisance and was created by the positive act of the municipality. . . .(citations omitted). . .
 This rule is of no benefit to these plaintiffs in these suits, which are not against a municipality but against the sovereign state of Connecticut. A suit against a municipality is not a suit against a sovereign. Towns have no sovereign immunity, and are "capable of suing and being sued. . .in any action". . . . (citations omitted). . .Municipalities do, in certain circumstances, have a governmental immunity from liability. . . . (citations omitted). . .But that is entirely different from the state's sovereign immunity from suit, which alone is CT Page 3646 involved in each of these two appeals. . . . Nor is this any oddity or peculiarity of Connecticut law. Cf. note, 62 A.L.R.2d 1222, 1224 section 2, 1230 section 3.
Murphy, 151 Conn. at 264.
The defendant Commissioner is immune from suit under a common law theory of nuisance and, accordingly, the motion to strike the fifth count of plaintiff's complaint is granted.
Leuba, J.