[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, David J. Whelan, brings a one count complaint dated October 24, 1990, against the defendant City of Norwich. The plaintiff alleges that in 1988, he entered into a contract with the City of Norwich involving the removal of pilings and a railroad trestle from the Yantic River in Norwich, which required the plaintiff, a certified scuba diver, to dive into the river on many occasions. The plaintiff alleges, inter alia, that although the defendant knew or should have known of the presence of hazardous materials and pollutants at the dive site, the defendant negligently or CT Page 702 intentionally failed to make the presence of those materials known to the plaintiff. The plaintiff alleges that he became ill while performing the aforesaid diving operations and has sustained a permanent disability and various damages.
The defendant filed a motion to strike dated November 27, 1990, arguing that the plaintiff's claim is barred by governmental immunity, or, in the alternative, that the City of Norwich has no control over the Yantic River and, thus, no liability. Memoranda of law in support of and in opposition to the motion to strike have been filed pursuant to Connecticut Practice Book Section 155. This matter was argued at the December 17, 1990 and December 31, 1990 short calendar.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). If facts provable under the allegations of the complaint would support a cause of action, the motion to strike must fail. Ferryman v. Groton, 212 Conn. 138, 142
(1989).
"A suit against a municipality is not a suit against a sovereign. Towns have no sovereign immunity, and are `capable of suing and being sued . . . in any action.'" Murphy v. Ives, 151 Conn. 259, 264 (1963) (citations omitted). "Municipalities do, in certain circumstances, have a governmental immunity from liability." Id.
The starting point in the analysis of whether governmental immunity exists is ascertaining whether a public or a private duty exists. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). This is a question of law that may be decided on a motion to strike. Id.
 In the application of the public duty doctrine, the problem is always to determine whether the action involved does create a duty to the individual. . . . It appears that the test is this: If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the action is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual.
Roman v. Stamford, 16 Conn. App. 213, 220 (1988), aff'd, 211 Conn. 396, CT Page 703 397 (1989).
In the instant case, the plaintiff alleges the existence of a contractual relationship between him and the defendant, and the defendant's failure to warn of hazards to which the plaintiff would be exposed while performing his contractual obligations.
The duty to warn of the presence of hazardous materials and pollutants in the Yantic River is a duty the performance of which would affect an individual, the plaintiff, in a manner different in kind from the way it affects the public at large. Consequently, the plaintiff has alleged facts sufficient to find that a private duty, as opposed to a public duty, is involved and that, therefore, governmental immunity is not available to the defendant.
The defendant asserts as an alternate ground for its motion to strike the argument that it has no "control" over the Yantic River and, therefore, "cannot be held liable for injuries resulting from pollution allegedly in the river." The defendant cites as sole authority for this proposition the case of Bottone v. Westport, 209 Conn. 652, 658 (1989).
Bottone is not on point with the case at bar, since its holding addresses a municipality's authority to regulate the building of permanent obstructions on local waterways, and is concerned with the constitutionality of the statutory delegation of such legislative authority by the state to municipalities. Id. at 658-59. Bottone does not hold that a municipality that contracts with a person to dive into a waterway cannot be held liable for negligently or intentionally failing to warn of the presence of hazardous materials and pollutants. "Connecticut has long recognized that conduct of a contracting party, apart from breaking contractual obligations, might be deemed to be tortious (negligent)." Doyle v. St. Paul Fire Marine Ins. Co., Inc.,583 F. Sup. 554, 555 (D.Conn. 1984), citing Dean v. Hershowitz, 119 Conn. 398 (1935).
ORDER
The defendant's motion to strike is denied.
AXELROD, JUDGE