[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Rebecca and Ronald Sherlock filed an amended complaint on April 15, 1990 and allege that the minor plaintiff Rebecca was injured on January 13, 1989 at the Goshen Center School, when she crashed into an unpadded gymnasium wall and sustained injuries.
The plaintiffs' amended complaint contains five counts. The first four counts are brought by Rebecca Sherlock, ppa her mother, Cheryl A. Sherlock, against Cheryl L. Christensen, a teacher at the Goshen Center School; Arthur W. McCormack, principal at the Goshen Center School; Vincent L. Ferrandino, Superintendent of Schools; and Regional School District No. 6, respectively. The fifth count is brought by Rebecca's father, Ronald Sherlock, against all defendants to recover for financial losses incurred in paying his daughter's medical bills.
On September 13, 1990, all four defendants filed a motion to strike CT Page 3082 counts one through five of the plaintiffs' amended complaint on the following grounds: (1) the counts do not state a cause of action under Conn. Gen. Stat. 7-465; (2) the counts do not state a cause of action under Conn. Gen. Stat. 10-235; and (3) the counts are barred by the doctrine of governmental immunity. Memoranda of law in support of and in opposition to the motion have been filed.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989). "In ruling on a motion to strike, the court is limited to considering the grounds specified in the motion." Meredith v. Police Commission,182 Conn. 138, 140 (1980).
The defendants first argument, in support of the motion to strike is that Conn. Gen. Stat. 7-465 applies to actions brought jointly against a municipal employee and the municipality. Therefore, the defendants argue that the municipality must be named as a defendant.
The plaintiffs, in opposition to the motion to strike, argue that they filed a motion to cite in the Town of Goshen as a party defendant. This motion was filed on November 5, 1990, and has not been acted on by the court.
Conn. Gen. Stat, 7-425 defines a municipality as "any town, city, borough, school district. . . ." (emphasis added). The plaintiffs have named Regional School Board No. 6 as a defendant and therefore the motion to strike is denied on this ground.
The defendants' second argument in support of the motion to strike is that to the extent the action is brought pursuant to Conn. Gen. Stat.7-465, it is legally insufficient because the plaintiffs failed to give timely notice of the incident to the municipality.
Conn. Gen. Stat. 7-465 provides in relevant part that:
 ". . . [n]o action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has occurred. . . ." (emphasis added)
The plaintiff's amended complaint alleges that the incident occurred on January 13, 1989, and that notice, pursuant to Conn. Gen. Stat. 7-465, was given to all named defendants, the Regional School District No. 6 and the Town of Goshen, Connecticut on or about July 13, 1989. Accordingly, the court finds that notice to the defendants was within six months of CT Page 3083 the incident and the motion to strike is denied on this ground.
The defendants' next argument in support of the motion to strike is that all counts brought pursuant to Conn. Gen. Stat. 10-235, are legally insufficient because that statute is only intended to provide a cause of action to board of education employees for indemnification and is not intended to allow a direct cause of action to plaintiffs against the board for liability for tort damage.
Conn. Gen. Stat. 10-235 was enacted by the legislature "to make indemnification available to a board of education employee for losses sustained from claims or suits for damages. . . . King v. Board of Education, 203 Conn. 324, 326 (1987).
The plaintiffs in this action cannot proceed under Conn. Gen. Stat.10-235 because the plaintiffs are not employees, teachers, or board members as required by the statute. See Plassee v. Board of Education,28 Conn. Sup. 198 (1969) and Young v. Town of Glastonbury, 3 CSCR 599 (June 21, 1988, O'Connor, J.). Therefore, to the extent counts one through five of the amended complaint are brought pursuant to Conn. Gen. Stat. 10-235, they are legally insufficient. The defendants' motion to strike is improper, however, because counts one through five of the plaintiff's amended complaint are also brought pursuant to Conn. Gen. Stat. 7-465. A request to revise, not a motion to strike is the proper motion to attack these counts. Accordingly, the motion to strike is denied on this ground.
Finally, the defendants move to strike counts one through five of the amended complaint on the ground that those counts are barred by the doctrine of governmental immunity.
Conn. Gen. Stat. 4-165 provides that "[n]o state officer or employee shall be personally liable for damages or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Although a town board of education is an agent of the state when carrying out the interests of the state, its members are not state but town officers." Sansone v. Bechtel, 180 Conn. 96, 100 (1980); see also Board of Education v. State Employees Retirement Commission, 210 Conn. 531,544-45 (1989). "Similarly, teachers as employees of a town board of education are also not employed in the state government," Id. "There is nothing in the language of Chapter 53 or in its legislature history to suggest that the state was to assume financial responsibility for the conduct of teachers and members of local boards of education." Id. at 100-01.
"Giving chapter 53 the strict construction which any statute in derogation of the principle of sovereignty must be given. . .this chapter in general and Conn. Gen. Stat. 4-165 in particular do not apply to teachers in local school systems." Id. at 101.
Teachers, board of education members and employees thereof are given CT Page 3084 the right to indemnification, from the board of education, for any "acts [which] are not wanton, reckless or malicious, provided such [person]. . . was acting in the discharge of his or her duties or within the scope of employment. . . ." Conn. Gen. Stat. 10-232 (a). "[T]he legislature intended to make indemnification available to a board of education employee for losses sustained from claims or suits for damages, injunctive relief or both, resulting from any act of the employee performed `in the discharge of his or her duties or within the scope of employment or under the direction of the board.'" King, 203 Conn. at 326.
"While occasionally cases may arise under Conn. Gen. Stat. 10-235
in which an employee is so clearly within or without the scope of his employment that the question is one of law, in the greater number of cases the decision is a question of fact for the trier." Id. at 327.
A suit against a municipality is not a suit against a sovereign. Murphy v. Ives, 151 Conn. 259, 264 (1963). Municipalities do, in certain circumstances, have a governmental immunity from liability. Id. at 264.
"A municipal employee. . .has a qualified immunity in the performance of a ministerial act, as opposed to a discretionary act. . . .The word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." Evon v. Andrews,211 Conn. 501, 505 (1989). If it is apparent from the face of the complaint that the municipality was engaging in a governmental function [discretionary in nature] while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford, 12 Conn. App. 106, 111 n. 3. "But where it is not apparent from the face of the allegations of the complaint that the municipality was so engaged, then the defense of governmental immunity should be pleaded." Trzaska v. City of Hartford,12 Conn. Sup. 301, 302 (1943).
"Whether the acts complained of. . . are governmental or ministerial is a factual question which depends on the nature of the act complained of." Couture v. Board of Education, 6 Conn. App. 309, 311 (1986).
The allegations in the plaintiffs' complaint raise a factual question as to whether the acts complained of are ministerial or discretionary. See Heigl v. New Canaan Board of Education, 4 CSCR 747, 749
(September 8, 1989, Lewis, J.). Accordingly, the defendants' motion to strike is denied.
For the foregoing reasons, the motion to strike is denied as to all counts of the plaintiffs' amended complaint.
PICKETT, J.