[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant town moves to dismiss for lack of subject matter jurisdiction on the ground of governmental immunity.
This case involves an action for negligence by the plaintiff, Ronald Scanlon, against the defendant, the town of West Hartford. In the plaintiff's two count complaint, filed on October 10, 1989, plaintiff alleged negligence and nuisance. Pursuant to the defendant's motion to strike filed on November 15, 1989, the nuisance count was stricken on December 20, 1989.
According to the complaint, on October 24, 1988, the plaintiff went to Charter Oak School, "owned, operated, managed, maintained . . . controlled" by and located in West Hartford, at about 8:00 p. m., in order to participate in a volleyball game. While moving the pole and base to adjust the net, the wheels on the base jammed, the pole dislodged, and the base fell on the plaintiff's foot, causing injury.
The defendant filed this motion to dismiss on December 21, 1990, on the ground that the court lacks subject matter jurisdiction due to the defendant's governmental immunity, and a memorandum supporting its motion was filed. Pursuant to Conn. Practice Bk. 143 (rev'd to 1978, updated to November, 1990). The plaintiff has filed a memorandum in opposition to the motion.
"The doctrine of sovereign immunity involves the jurisdiction of the court over the subject matter of the action . . . [and] a motion to dismiss the complaint is . . . the appropriate vehicle by which to raise a claim that sovereign immunity bars an action." Wiley v. Lloyd, 4 Conn. App. 447,449 (1985). Towns, however, have no sovereign immunity, and may sue and be sued. Murphy v. Ives, 151 Conn. 259, 264
(1963). Towns do have a limited governmental immunity. Id. at 264. Governmental immunity, however, is a defense "like those that require pleading as a special defense under Practice Book 164." Gauvin v. New Haven, 187 Conn. 180, 184 (1982). It is "essentially a defense of avoidance and confession similar to other defenses required to be affirmatively pleaded." Id. at CT Page 4208 185. A limited exception may be found in Brown v. Branford,12 Conn. App. 106, 111, n. 3 (1987), where the court stated that the defendant town did not need to specially plead governmental immunity since it was evident in the complaint that the town was engaging in a governmental function while performing the acts and omissions complained of, and allowed the town to attack the legal sufficiency of the complaint through a motion to strike. See also, Gauvin, 187 Conn. at 184.
We conclude that the court does not lack subject matter jurisdiction because the issue is not one of sovereign immunity but governmental immunity. Unless the case fits into an exception, a defense of governmental immunity must be specially pleaded. Accordingly, the motion to dismiss for lack of subject matter jurisdiction is denied.
M. HENNESSEY, J.