[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On April 11, 1991, the plaintiff, Anne Morse, filed a two count complaint against William Curry in his official capacity as Comptroller of the State of Connecticut ("State"). The plaintiff alleges that she is a state employee and a member of the Administrative Residual Employees Union ("A R"). She alleges that the employment contracts between A R and the State beginning July 1, 1984 contained a provision for hourly compensation of on-call/standby assignment and that this assignment included carrying a response device. The plaintiff further alleges that she has been required to wear a response device at all times prior to March 16, 1990, but was never notified of this new contractual provision. In count one the plaintiff alleges that the State breached the employment contract by failing to compensate her for wearing the response device. In count two the plaintiff alleges that, by failing to notify her of this change in the employment contract, the State violated General Statutes 31-71f and she seeks double damages under section 31-72.
On May 8, 1991, the defendant filed a motion to dismiss the complaint on the ground that the plaintiff CT Page 8327 failed to exhaust her administrative remedies, accompanied by a supporting memorandum and the affidavit of Thomas Malecky, a state labor relations specialist. On May 23, 1991, the plaintiff filed a notice of intent to argue, an opposing memorandum, and the plaintiff's affidavit. The plaintiff argues that she carried the grievance procedure as far as she was personally able and, therefore, has exhausted her administrative remedies.
On January 3, 1992, the State filed a supplemental motion to dismiss the plaintiff's complaint on the ground of lack of subject matter jurisdiction, accompanied by a supporting memorandum of law and the affidavit of Peter Allen, the state labor relations manager. On May 5, 1992, the plaintiff filed a memorandum in opposition to the defendant's supplemental motion to dismiss. In June 1992, the plaintiff filed her own supplemental affidavit and the defendant filed the affidavit of Patrick Carolan, the union president.
In Connecticut, "a challenge to the court's jurisdiction is raised by the filing of a motion to dismiss." Park City Hospital v. Commission on Hospitals and Health Care, 210 Conn. 697, 702,556 A.2d 602 (1989). See also Practice Book 143. Subject matter jurisdiction may be raised at any time. Gaudio v. Gaudio, 23 Conn. App. 287, 295,580 A.2d 1212 (1990). "Once the issue of subject matter jurisdiction is raised, the court must dispose of the legal question as a threshold matter." Kinney v. State, 213 Conn. 54, 58, 566 A.2d 670 (1989).
The plaintiff has sued William Curry, the Comptroller of the State of Connecticut, in his representative capacity. A suit against a state officer acting in his representative capacity is actually a suit against the State because the State can only act through its officers and agents. Krozser v. New Haven, 212 Conn. 415, 420, 562 A.2d 1080
(1989), cert. denied sub nom, Krozser v. Connecticut,110 S.Ct. 757 (1990). The courts, therefore, consider suits of this type to be suits against the State and refer to the State as the defendant. Id.
"`That a sovereign state is immune from suit, unless it consents to be sued, is the settled law of Connecticut.'" Lacasse v. Burns, 214 Conn. 464, 468,572 A.2d 357 (1990), quoting Murphy v. Ives, 151 Conn. 259, CT Page 8328 262, 196 A.2d 596 (1963). "`[T]he state's sovereign right not to be sued without its consent is "not to be diminished by statute, unless a clear indication to that effect on the part of the legislature is disclosed, by the use of express terms or by force of a necessary implication."'" Lacasse v. Burns, supra, quoting Murphy v. Ives, supra, 262-63, quoting State v. Kilburn, 81 Conn. 9, 11, 69 A. 1028
(1908).
The plaintiff claims, in count one of her complaint, that the State breached the employment contract. Under the employment contract both the State and the employees agreed to submit any disputes arising under the contract to a grievance procedure. (Defendant's Memorandum in Support of Supplemental Motion to Dismiss, Exhibit B, Contract between State of Connecticut and Administrative Residual Employees Union, effective July 1, 1987, Article 15). The contract does not give an employee a right to bring a civil action. In addition, the legislature has not created a right to sue the state under a common law theory of breach of employment contract. Therefore, the court does not have subject matter jurisdiction over a suit arising from an alleged breach of an employment contract. Accordingly, the defendant's supplemental motion to dismiss is granted as to the first count of the complaint.
The legislature has created a right for an employee to bring a civil action against his or her employer under certain circumstances. "When an employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, . . .such employee. . .may recover in a civil action." General Statutes 31-72. The legislature has included the State in its definition of employer. General Statutes 31-71a(1). Wages are defined as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, piece, commission or other basis of calculation." General Statutes 31-71a(3).
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). In her complaint the plaintiff alleges that the State failed to compensate her for wearing a response device in violation of section31-71f. Since this compensation may arguably be CT Page 8329 considered wages under section 31-71a(3), on the face of the record the court has subject matter jurisdiction over count two of the complaint. Accordingly, the State's supplemental motion to dismiss is denied as to count two of the complaint.
Mary R. Hennessey, Judge