[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs, Bernard W. Dennler and Mary Grace Adams, filed a four-count complaint on April 26, 1993. The named defendants are: 1) B. Nicolo Carpentry, Inc. a corporation which undertook to construct the plaintiffs' dwelling pursuant to a written agreement; 2) Bartholomew W. Nicolo, Jr., the president of B. Nicolo Carpentry, Inc.; 3) David E. Paine, a Building Official for the Town of Colchester who issued a certificate of occupancy for the plaintiffs' dwelling; and 4) the Town of Colchester.
The first two counts are against the defendants B. Nicolo Carpentry, Inc., and Bartholomew W. Nicolo, Jr. and allege breach of contract and implied warranty, and a violation of CUTPA. The third count sounds in negligence, and it appears to be against all the defendants save the Town of Colchester. Count four is brought pursuant to General Statutes 7-465 against the Town of Colchester seeking damages from it due to the negligence of its employee, David E. Paine.
The relevant counts for the purposes of this motion are three and four. The plaintiffs allege that David E. Paine, a building official for the Town of Colchester who issued a certificate of occupancy for the plaintiffs' dwelling, negligently failed to discover defects and code violations in the premises.
On June 17, 1993, the defendants David E. Paine and the Town of Colchester filed a motion to dismiss this action as to them on the ground that General Statutes 52-577n(b)(8) provides the defendant Paine, and thus the Town of Colchester as indemnitor, immunity from negligence suits.
A motion to dismiss tests the jurisdiction of the court. Reynolds v. Soffer, 183 Conn. 67, 68, 483 A.2d 1163
(1981). The defendants' contend that the limited immunity provided municipal inspectors under General Statutes 52-557n(b) CT Page 10238 deprives this court of subject matter jurisdiction. This claim is erroneous.
"The doctrine of sovereign immunity implicates the court's subject matter jurisdiction." Wiley v. Lloyd, 4 Conn. App. 447,449, 495 A.2d 1082 (1985). Towns are not cloaked with sovereign immunity and may sue and be sued. Murphy v. Ives,151 Conn. 259, 264, 196 A.2d 596 (1963). Towns do enjoy a limited immunity in certain circumstances. Id. Such governmental immunity, if not apparent from the face of the complaint, must be specifically pleaded as a special defense. Gauvin v. New Haven, 187 Conn. 180, 184-185, 445 A.2d 1 (1982). See Giannetti v. Stamford, 25 Conn. App. 67, 593 A.2d 140 (1991), for a discussion of the distinction between a state's immunity from suit and the limited immunity from liability enjoyed by municipalities.
In any case, the doctrine of governmental immunity does not implicate the court's subject matter jurisdiction and therefore the defendant's motion to dismiss is denied. See Scanlon v. City of West Hartford, 4 Conn. L. Rptr. 156 (May 29, 1991, Hennessey, J.).
Austin, J.