[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO DISMISS (FILE #101)
McCarthy Schuman for plaintiff. CT Page 8052
Brady Willard Alexander and Paul Pernerewski for defendants.
On March 7, 1994, plaintiff filed a one count complaint against defendants, East Hartford Housing Authority, and, the Connecticut Department of Housing.[1] In her complaint, it is alleged that she suffered injuries as a result of a slip and fall which occurred immediately after exiting a building owned by defendants. Plaintiff alleges that her injuries were the direct and proximate cause of defendants' breach of the duty owed her pursuant to General Statutes § 47a-7.
On June 6, 1994, defendant Connecticut Department of Housing filed this motion to dismiss, with supporting memorandum of law, asserting that the court lacked subject matter jurisdiction by reason of the doctrine of sovereign immunity. Plaintiff has not filed a memorandum of law in 20 opposition to the motion.
"A motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State,190 Conn. 622, 24-25 fn. 4, 461 A.2d 991 (1983). Sovereign immunity may be properly addressed by a motion to dismiss. See Krozser v.New Haven, 212 Conn. 415, 562 A.2d 1080 (1989), cert. denied,493 U.S. 1036, 110 S.Ct. 757, 107 L.Ed.2d 774 (1990) (sovereign immunity appropriately raised on a motion to dismiss).
"`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'" Leconche v. Elligers, 215 Conn. 701,709, 579 A.2d 1 (1990), quoting Shea v. First FederalSavings Loan Association of New Haven, 184 Conn. 285, 288,439 A.2d 997 (1981). "The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it." Meinket v. Levinson, 193 Conn. 110, 115, 474 A.2d 454
(1984). Every presumption in favor of finding jurisdiction should be made. See: Leconche v. Elligers, supra at p. 710.
The Connecticut Department of Housing was created by General Statutes § 8-37r, which provides in part:
 (a) There shall be a department of housing which shall be the lead agency for all matters relating to housing. The department head shall be the commissioner of housing, who shall be appointed by CT Page 8053 the governor in accordance with the provisions of sections 4-5 and 4-8, inclusive, with the powers and duties therein prescribed. Said commissioner shall be responsible at the state level for all aspects of policy, development, redevelopment, preservation maintenance and improvement of housing and neighborhoods.
 (b) Said department shall constitute a successor to the functions, powers and duties of the department of economic development relating to housing, community development, redevelopment, and urban renewal. . . .
Consonant with the quoted language of Section 8-37r, the court concludes that the Connecticut Department of Housing is an agency of the State of Connecticut.
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." Duquayv. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983). "`The General Assembly, by appropriate legislation, can waive the state's sovereign immunity from suit and authorize suits against the state.'" Lacasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357
(1990), quoting Murphy v. Ives, 151 Conn. 259, 262, 196 A.2d 596
(1963). "But the state's sovereign right not to be sued without its consent is not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms or by force of a necessary implication." (Citations omitted; internal quotation marks omitted). Lacasse v. Burns, supra at p. 468, quoting Murphy v.Ives, supra at p. 262.
Plaintiff has brought this action pursuant to General Statutes § 47a-7, which sets forth a landlord's responsibilities to a tenant during a lease term. However, no specific, express provision authorizing a suit against the state agency, in the circumstances of this case, is alleged, or has been brought to the attention of the court. It is the court's conclusion that General Statutes Section 47a-7 does not act to abrogate sovereign immunity and, further that the said principle of sovereign immunity acts as a bar to the maintaining of this action for monetary damages. CT Page 8054
For the reasons stated, the Connecticut Department of Housing's motion to dismiss is hereby Granted.
Mulcahy, J.