[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendants move to dismiss the claims set forth in counts one, two, six and eight of the complaint on the ground this court lacks subject matter jurisdiction because the claims are barred by the doctrine of sovereign immunity. The court concludes counts one, two, and six are barred but not count eight.
Plaintiff David Lee Davis seeks compensation for injuries he sustained while he was in the custody of the Sheriff's Department. At the time the plaintiff was injured, he was being transported from a corrections facility to court in a vehicle that was not equipped to accommodate persons who use wheelchairs. The plaintiff, who suffers from paraplegia, uses a wheelchair. The plaintiff has sued Edwin S. Mak, who is the High Sheriff of Fairfield County; Vito F. Savo, Jr., who is a special deputy sheriff of Fairfield County; and the State of Connecticut. The plaintiff alleges causes of action based on negligence, recklessness, and violations of the Americans with Disabilities Act (ADA).
A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citations omitted; emphasis in original.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone." (Citations omitted; internal quotation marks omitted.) Barde v. Board ofTrustees of Regional Community Colleges, 207 Conn. 59, 62,539, 539 A.2d 1000 (1988). "The doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) CT Page 2021Antinerella v. Rioux, 229 Conn. 479, 489, 642 A.2d 699
(1994).
"[S]ince the state can act only through its officers and agents a suit against a state officer is in effect one against the sovereign state." (Internal quotation marks omitted.) White v. Burns,213 Conn. 307, 312, 567 A.2d 1195 (1990). "It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." Id. "The question whether the principles of governmental immunity from suit and liability are waived is a matter for legislative, not judicial, determination. . . . Sovereign immunity may be waived only through a statute. Any statutory waiver of immunity must be narrowly construed." Cooper v.Delta Chi Housing Corp. of Connecticut, 41 Conn. App. 61, 64,674 A.2d 858 (1996), quoting Struckman v. Burns,205 Conn. 542, 558, 534 A.2d 888 (1987). "[T]he state's sovereign right not to be sued without its consent is `not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms or by force of necessary implication.'" Murphy v. Ives, 151 Conn. 259, 262-63,196 A.2d 596 (1963).
Count One
The defendants move to dismiss the first count on the ground it is barred by the doctrine of sovereign immunity. In the first count one, the plaintiff alleges that Sheriff Mak and Deputy Sheriff Savo acted negligently in their official capacities. The plaintiff argues that General Statutes §§ 6-30 and 6-30a waive immunity by providing express consent for sheriffs to be sued for tortious acts committed in their official capacity.
General Statutes § 6-30 provides as follows: "No person shall enter upon the duties of sheriff until he executes a bond of ten thousand dollars, to the acceptance of the governor, payable to the state, conditioned that he will faithfully discharge the duties of his office, including his duties when serving as deputy of another sheriff under the provisions of section 6-38, and answer all damages which any person may sustain by his unfaithfulness, malfeasance, wrongdoing, misfeasance or neglect; . . ."
General Statutes § 6-30a provides in relevant part: "Each sheriff and deputy sheriff . . . shall be required to carry personal liability insurance for damages caused by reason of his tortious acts. . . . For CT Page 2022 the purpose of this section `tortious act' means negligent acts, errors, omissions for which such sheriff or deputy sheriff may become legally obligated to any damages for false arrest, erroneous service of civil papers, false imprisonment, malicious prosecution, libel, slander, defamation of character, violation of property rights or assault and battery if committed when attempting to make an arrest or against a person under arrest; provided it shall not include any such act unless committed in the performance of the official duties of such sheriff or deputy sheriff."
In Antinerella v. Rioux, supra, 229 Conn. 486 n. 12, the Connecticut Supreme Court was faced with an identical argument to the one asserted here, but the court failed to reach the issue on its merits. There is no other appellate court authority addressing the issue.
In Arbucci v. Farmers Mechanics Bank, Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 458674 (June 28, 1994, Berger, J.), the court concluded that General Statutes §§ 6-30 and 6-30a waived sovereign immunity to permit a claim that a deputy sheriff violated the plaintiff's property rights
without due process of law by failing to properly serve notice of an ejectment proceeding. The court reasoned that General Statutes §§ 6-30 and 6-30a compel sheriffs to carry liability insurance for damage caused by their tortious acts, which tortious acts specifically include the violation of property rights. "[T]he legislature's clear intention to waive immunity in these circumstances is disclosed `by force of necessary implication' from the language used in General Statutes §§ 6-30 and 6-30a]. Baker v. Ives, supra, [169 Conn.] 298." Id.
Unlike the plaintiff in Arbucci v. Farmers Mechanics Bank,
the plaintiff in this case does not allege any of the "tortious acts" enumerated in General Statutes § 6-30a. The complaint merely alleges negligence in transporting the plaintiff from the corrections facility to the courthouse. Because the first count does not allege one of the "tortious acts" specifically enumerated in § 6-30a, it cannot be said that the legislature intended by "the use of express terms or force of necessary implication" to diminish the state's sovereign immunity to permit a suit under the circumstances alleged in the first count of the plaintiff's complaint. "[T]he state's sovereign right not to be sued without its consent is `not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms or by force of necessary implication.'" Murphy v. Ives, 151 Conn. 259, CT Page 2023 262-63, 196 A.2d 596 (1963). "Any statutory waiver of immunity must be narrowly construed." Cooper v. Delta Chi Housing Corp. ofConnecticut, supra, 41 Conn. App. 64.
This court concludes that General Statutes §§ 6-30 and 6-30a do not waive sovereign immunity to permit suits for "tortious acts" which are not specifically enumerated in General Statutes §§ 6-30a. Accordingly, the court grants the defendants' motion to dismiss the first count for lack of subject matter jurisdiction.
Count Two
The defendants' motion to dismiss the second count is based on the immunity provisions contained in General Statutes §4-165. In the second count, the plaintiff alleges that Sheriff Mak and Deputy Sheriff Savo were negligent in their individual capacities while acting within the scope of their employment as sheriffs. General Statutes § 4-165 provides in pertinent part: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter. . . ." "Because [General Statutes4-165] abrogates the previously existing common law right of redress against state employees, the statute must be strictly construed." McKinley v. Musshorn, 185 Conn. 616, 621,441 A.2d 600 (1981). "An individual having a liability claim for which a state employee is immune pursuant to General Statutes § 4-165
may present it as a claim against the state to the claims commissioner. General Statutes § 4-165. `When the claims commissioner deems it just and equitable, he may authorize suit against the state on any claim. . . .' General Statutes §4-160 (a)." Id. Section 4-160(b) provides that: "the claimant shall allege such authorization and the date on which it was granted. . . ."
The plaintiff has not alleged the immunity provided to the defendants, pursuant to General Statutes § 4-165, has been waived. The plaintiff has not alleged that the claims commissioner granted permission to sue. This court lacks subject matter jurisdiction. Accordingly, the second count is dismissed.
Count Six
CT Page 2024
The defendants' motion to dismiss the sixth count is also based on the immunity provided by General Statutes § 4-165. In the sixth count, the plaintiff alleges that Sheriff Mak and Deputy Sheriff Savo were negligent in operating the motor vehicle used to transport the plaintiff. The plaintiff asserts liability against the defendants in their individual capacities. He does not allege that the defendants acted willfully or maliciously. The defendants are immune from suit, pursuant to General Statutes § 4-165. See General Statutes §§4-160 (a) and 4-160 (b); McKinley v. Musshorn, supra, 185 Conn. 621.
Count Eight
The defendants' motion to dismiss the eighth count is based on the doctrine of sovereign immunity. In this count, the plaintiff alleges that the defendants, in both their official and individual capacities, violated the ADA by failing to reasonably accommodate the plaintiff's disability while transporting him from the corrections facility to the courthouse. The defendants argue that the claim is barred by the doctrine of sovereign immunity because the plaintiff failed to file a notice of claim with the claims commissioner. The plaintiff, on the other hand, argues that 42 U.S.C. § 12202 abrogates the common law doctrine of sovereign immunity and permits the filing of a suit against a state employee without the need to file a claim with the claims commissioner.
The United States Supreme Court has held that "theEleventh amendment, and the principle of state sovereignty which it embodies," will not bar a suit against the state where Congress has, by statute, expressly abrogated immunity pursuant to its authority under § 5 of the Fourteenth Amendment. Fitzpatrick v. Bitzer,427 U.S. 445, 456, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). "Congress may, in determining what is `appropriate legislation' for the purposes of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other context." Id.
"In determining whether Congress has exercised itsFourteenth Amendment powers and has abrogated the States'Eleventh Amendment immunity, the U.S. Supreme Court requires `an unequivocal expression of congressional intent to overturn the constitutionally guaranteed immunity of the several States.'" (Internal quotation marks omitted.) Martin v.Voinovich, 840 F. Sup. 1175, 1186 (S.D. Ohio 1993), citingPennhurst State School Hosp. v. Halderman, 465 U.S. 89, CT Page 2025 99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), quoting Quern v.Jordan, 440 U.S. 332, 342, 99 S.Ct. 1139, 59 L.Ed.2d 358
(1979). See also Krozser v. New Haven, 212 Conn. 415, 422,562 A.2d 1080 (1989), cert. denied, 493 U.S. 1036,110 S.Ct. 757, 107 L.Ed.2d 774 (1990).
Title 42 U.S.C. § 12202 states: "A state shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State."
"Section 12202 of the ADA is an unequivocal expression of Congress intent to abrogate the States Eleventh Amendment
immunity. As such, the Eleventh Amendment does not prevent plaintiffs from making claims against the defendants under the ADA." Martin v. Voinovich, supra, 840 F. Sup. 1187. See alsoEisfelder v. Michigan Dept. of Natural Resources, 847 F. Sup. 78, (W.D.Mich. 1993) ("Like the abrogation of theeleventh amendment for Title VII, this would seem to be an appropriate abrogation of the eleventh amendment for purpose of enforcing the fourteenth amendment); Anonymous v. Connecticut BarExamining Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 534160 (Aug. 17, 1995, Corradino, J., 15 Conn. L. Rptr. 218) (Title 42 U.S.C. § 12202
of the ADA abrogates the state's Eleventh Amendment
sovereign immunity to allow suit against the Connecticut Bar Examining Committee and the Director of the committee in his official capacity).
This court concludes that the doctrine of sovereign immunity does not apply to claims against state employees pursuant to the ADA. Accordingly, the motion to dismiss the eighth count is denied.
Based on the foregoing, the motion to dismiss is granted as to the claims set forth in the first, second, and sixth counts. The motion is denied as to the claim set forth in the eighth count.
Thim, J. CT Page 2026