[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Before the Court is the defendant Transportation Commissioner's Motion to Strike a Second count of the complaint sounding in common law nuisance on the grounds of governmental immunity. There is no distinction between the second count which the defendant seeks to strike and the first count except that in the second count plaintiff pleads that the road conditions constituted a nuisance.
Under the authority of Murphy v. Ives, 151 Conn. 259,196 A.2d 596 (1963), the defendant Commissioner of Transportation's motion to strike the second count of the complaint is granted, because unless a roadway is improperly designed from the beginning, Hayt v. Danbury, 60 Conn. 341, (1899), there is no cause of action against the Commissioner for improper highway maintenance except under the highway defect statute, General Statute § 13a-144. The State of Connecticut is otherwise immune from suit. White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195. The state legislature has waived sovereign immunity to a limited extent in the area of highway defects when it enacted the state highway liability statute, General Statutes § 13a-144. Id. Consent to maintain a common-law nuisance cause of action against the state when recovery is sought under such a nuisance theory, however, cannot be read into § 13a-144. Murphy v. Ives, supra,151 Conn. 263.
Motion granted. CT Page 10307
FLYNN, J.