STATE OF CONNECTICUT *vs.* CITY OF HARTFORD.

The property of the state within the city of Hartford can not be assessed
for benefit received from the construction of a public sewer.

The charter of the city provides that the expense of public improvements
may be assessed "upon the persons whose property is, in the judgment
of the common council, specially benefited thereby." Held that, to
make the state liable to such assessment, it was necessary that it should
have been expressly mentioned or that the intention to include it should
be clearly implied.

The legislature has power to make the property of the state liable to such
an assessment.

APPEAL to a judge of the Court of Common Pleas of
Hartford County from an assessment for a city sewer.
Facts found and case reserved for advice. The case is
fully stated in the opinion.

*C. E. Perkins,* for the State.

*S. O. Prentice,* for the City.

PARK, C. J. Certain real estate in the city of Hartford
was mortgaged to the state to secure a loan from the
School Fund, and the mortgage was afterwards foreclosed,
and the title to the property became absolute in the state.
After this the city of Hartford, by its proper officers, laid a
sewer along the street upon which the property was situated,
and assessed the state, with other holders of real estate upon
the street, for the special benefit conferred by the sewer
upon their property; and the sole question in the case is,
whether the state is liable to such an assessment.

The city claims that it is, by virtue of the following pro-
vision of its charter:—"And whenever any public work,
including dykes, shall have been lawfully laid out or altered
by the court of common council, said court may assess the
whole or any part of the expense of laying out, altering,
and making such public work—including highways, streets,

sidewalks, gutters, sewers, parks, public walks, openings between buildings, the establishment of building lines, sidewalks and crosswalks, draining low grounds or filling up the same—upon the persons whose property is, in the judgment of said court of common council, specially benefited thereby, and estimate the proportion of such expense which said persons shall respectively defray, and enforce the collection of the same; or may, if they deem proper, assess the expense of any such public work directly upon land benefited thereby, describing said land in said assessment by metes and bounds, and specifying the amounts assessed on each piece so described respectively; which said land, on default of payment of said assessment within six months after public notice thereof shall have been given, shall be liable to be sold for the payment of the same."

We think it clear that there is nothing here which expressly or by necessary intendment includes the state as a party on whom assessments may be made. The language is:—The court of common council may make assessments "upon the persons whose property is specially benefited, and may estimate the proportion of such expense which said persons shall respectively defray, and enforce the collection of the same." The persons described, who are liable to be assessed, are persons who can be compelled to pay, should they refuse to do so voluntarily. The state cannot be sued, and therefore cannot be compelled to pay under any circumstances. Hence the language of the charter not only does not expressly or by necessary implication include the state, but, on the contrary, by necessary implication excludes it.

In the case of *The State* v. *Shelton*, 47 Conn., 400, we said:—"It may be stated, we think, as a universal rule in the construction of statutes limiting rights, that they are not to be construed to embrace the government or sovereignty, unless by express terms or necessary implication such appears to have been the clear intention of the legislature, and the rights of the government are not to be impaired by a statute unless its terms are clear and explicit,

and admit of no other construction." This was said in a case where a debtor of the School Fund had been discharged in bankruptcy, and the question was whether the discharge affected the claim of the state; and it was held that it did not.

Blackstone says:—" The king is not bound by an act of parliament unless he be named therein by special and particular words. The most general words that can be devised, as any person or persons, bodies politic or corporate, affect not him in the least, if they may tend to restrain or diminish any of his rights or interests." 1 Black. Com., 262.

Kent says:—" It is a general rule in the interpretation of statutes limiting rights and interests, not to construe them to embrace the sovereign power or government, unless the same be expressly named therein or intended by necessary implication." 1 Kent Com., 460.

In the case of *Inhabitants of Worcester County* v. *City of Worcester*, 116 Mass., 193, it was held that the charter of the city of Worcester, authorizing assessments for sewers on all property benefited, did not extend to property of the county, because it was not clearly expressed that such property might be so assessed.

In *Fagan* v. *City of Chicago*, 85 Ill., 227, it was claimed that an assessment for benefits was void, because the lands of the state were not included in the assessment; but the court held that the general power in the charter of the city to assess persons for the special benefits which their lands received from the improvement, did not apply to the state.

In support of the contrary doctrine the appellees principally rely upon the case of *Hassan* v. *City of Rochester*, 67 N. York, 528. But an examination of that case will show that the decision is based upon the ground that the charter of the city of Rochester authorized the assessment of the property of the state. The court say:—" The legislature clearly has the right by positive enactment to declare that such property may be assessed for local improvements, and we think it has done so in reference to the city of Roches-

ter. * * We have been referred to some authorities bearing upon the subject of the liability of the state for assessments for its lands, but none of them, we think, conflict with the principle that the state, through its legislative power, may authorize its lands to be assessed for local improvements." This case clearly recognizes the principle established by the authorities we have referred to.

The appellees urge upon our consideration the fact that the property in question belonging to the state will be benefited to the amount of the assessment by the construction of the sewer, and that it is unjust that individuals should bear the burden properly belonging to the property of the state, while it virtually puts into its treasury the enhanced value of its property acquired at others' expense. It is said that this is akin to the taking of private property without compensation. But considerations like these should be addressed to the legislature, and not to the court, whose duty and power extend only to the determination of what the law is, and not to that of what it should be.

We think the property of the state is not the subject of assessment, and therefore advise the Superior Court to render judgment in favor of the appellant.

In this opinion the other judges concurred.