ADDIE C. WOODMANSEE *v*. STATE OF CONNECTICUT ET AL.

SUPERIOR COURT     TOLLAND COUNTY     FILE No. 6109

Memorandum filed October 16, 1953.

*Butler, Volpe, Garrity & Sacco,* of Hartford, and *Etalo G. Gnutti,* of Stafford Springs, for the Plaintiff.

*Day, Berry & Howard,* of Hartford, for the Defendants.

ANDERSON, J.  The complaint alleges that the state of Connecticut created and established the defendant Aeronautics commission to supervise aeronautics in the state and encourage the establishment therein of airports and other aeronautical facilities. It further alleges that the state, acting through the agency of the aeronautics commission, owned, maintained and operated for a profit and as a commercial enterprise and venture the Bradley Field Airport, in the parking area of which the plaintiff slipped and fell on some snow and ice which the defendants should have removed, and was injured, in consequence of which she claims substantial damages.

The defendants have demurred on the ground of sovereign immunity which has not been waived by statutory consent to suit.

The plaintiff says, however, that although sovereign immunity may be conceded to the state, itself, the defendant commission should be exposed to liability for its torts and be made to respond in damages by analogy to municipal corporations and to corporations created by the federal government, which have been held liable in damages for torts committed by them when they were acting in a proprietary capacity as distinct from a governmental function. 49 Am. Jur. 316, § 100, 317, § 101.

But such an analogy cannot properly be drawn. The sovereignty of the state of Connecticut, in the realm within the limitations of the state constitution and outside of the prohibitions delineated in the constitution of the United States and the powers therein delegated to the federal government, is plenary. The state is the organized political repository of the power of the people. Its immunity from legal process is one of its principal inherent attributes. *State ex rel. Foote* v. *Bartholomew,* 111 Conn. 427, 432.

A duly authorized commission of the state government acting as a commission within the scope of its lawfully delegated duties on behalf of the state carries with it, in connection with all its authorized functions, whether proprietary or governmental, the sovereign's immunity, regardless of what liability might attach to individual members for unlawful conduct or negligent acts or omissions. *Munson* v. *MacDonald,* 113 Conn. 651, 660.

The defense of governmental functions available to a municipal corporation is a small part of the sovereign's immunity assigned by the sovereign to the municipal corporation, not as the agent of the

sovereign, but as a separate person in law, because of governmental duties imposed by the sovereign on the municipal corporation, whose immunity is coextensive with the performance of those duties. Otherwise the municipal corporation is a legal person, "capable of inflicting injuries, and liable to suit by him who suffers them." *Judd* v. *Hartford,* 72 Conn. 350, 353.

In managing and operating Bradley Field, the defendant aeronautics commission was acting for and on behalf of the state and was carrying out duties prescribed by law. Whether those duties were in nature proprietary or governmental, they were performed for the state of Connecticut, and even though the members of the commission may have been individually negligent, the rule of respondeat superior does not apply where the state is the principal. *Munson* v. *MacDonald,* supra.

The aeronautics commission is not in law or in fact a corporation, nor does it have any of the principal characteristics of a corporation. The commission is part and parcel of the state government and no analogy can reasonably be drawn between it and various corporations set up by the government of the United States, such as The United States Shipping Board Emergency Fleet Corporation, The Reconstruction Finance Corporation, and others which are separate legal entities, chartered as bodies corporate and expressly or by implication in the acts creating them capable of suing and being sued.

The aeronautics commission has no resources of its own; all property in its management and control is the property of the state. There is nothing here out of which the plaintiff could recover unless recovery were authorized against the state. Bradley Field belongs to the state and all revenue from its

operation goes into the general fund of the state. General Statutes §§ 4817, 4844, as amended by Cum. Sup. 1951, § 998b.

"The immunity of the state from suit applies where a contract or property interest of the State is involved." 49 Am. Jur. 304, § 91. "While a suit against state officials is not necessarily a suit against the state, within the rule of immunity of the state from suit without its consent, that rule cannot be evaded by bringing an action nominally against a state officer or a state board, commission, or department in his or its official capacity when the real claim is against the state itself, and the state is the party vitally interested. If the rights of the state would be directly and adversely affected by the judgment or decree sought, the state is a necessary party defendant, and if it cannot be made a party, that is, if it has not consented to be sued, the suit is not maintainable." 49 Am. Jur. 304, § 92.

There is no statute which waives the sovereign immunity of the state of Connecticut by giving consent to a suit against the aeronautics commission in a case such as this. The granting of such consent is not a matter for this court but for the legislature. As was stated in *State* v. *Hartford,* 50 Conn. 89, 92, "considerations like these should be addressed to the legislature, and not to the court, whose duty and power extend only to the determination of what the law is, and not to that of what it should be."

The demurrer is sustained.