[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this case, the plaintiff, American Manufacturers Mutual Insurance Corporation (AMMIC), has sued the defendant, State of Connecticut (State), to recover $25,000 in basic and added reparations benefits which it paid out to one Amy Carpenter, under a written contract of insurance between itself and one Michael Carpenter, for injuries Ms. Carpenter sustained in a serious motor vehicle accident CT Page 11774 between Mr. Carpenter's vehicle and another vehicle which was owned, operated and insured by the state. Claiming that the accident and injuries in question were proximately caused by the negligence of State employee Robert Campbell, who was the operator of the State-owned and -insured vehicle at the time of the accident, AMMIC has brought this action as the subrogee of its insured under the purported authority of General Statutes §§ 38a-369 (c) and 52-556.
Section 38a-369 (c) provides in pertinent part as follows:
 Whenever a person who receives basic reparations benefits for an injury has a right of recovery against any person or organization . . ., an insurer that has paid such benefits to or for the injured person shall be subrogated to all such rights of recovery to the extent of its payments.
Section 52-556, in turn, provides that
 Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury.
Reading these provisions together, the plaintiff contends that it can properly sue the State to recover all the basic reparations benefits it has paid to Ms. Carpenter for her injuries because it is subrogated, under Section 38a-369 (c), to her statutory "right of action against the state to recover damages for such injur[ies]" under Section 52-566.
The State has now moved this Court to strike the plaintiff's Complaint on the ground that it fails to state a claim upon which relief can be granted. It argues, more particularly, that since neither of the foregoing statutes explicitly authorizes an insurer which has paid basic reparations benefits to an injured person to recover those CT Page 11775 benefits from the state, such a reading of the two statutes, however logical grammatically, cannot reasonably be squared with Connecticut's strict common-law doctrine of sovereign immunity.
The purpose of a motion to strike "is to test the legal sufficiency of the pleadings." Ferryman v. City ofGroton, 212 Conn. 138, 142 (1989). "In reviewing the legal sufficiency of the plaintiff's complaint, [the court] assume[s] the truth of the facts alleged and construe[s] them in the light most favorable to sustaining the sufficiency of the complaint." Bouchard v. People's Bank,219 Conn. 465, 467 (1991).
Under the doctrine of sovereign immunity, the state is immune from suit unless it expressly consents to be sued.Lamb v. Burns, 202 Conn. 158, 169 (1987). The way in which such consent is given is by the passage of a statute. Id.
In view of the strong presumption against waiver of sovereign immunity "[a]ny statutory waiver of immunity must be narrowly construed." Strictman v. Burns, 203 Conn. 542,558 (1987). See also White v. Burns, 213 Conn. 307, 312
(1990). The rule has thus emerged that "the state's sovereign right not to be sued without its consent is not diminished by statute unless a clear intention to that effect on the part of the Legislature is disclosed by the use of express terms or by force of necessary implication."Murphy v. Ives, 151 Conn. 259, 262-63 (1963). Therefore, "[w]here there is any doubt about the meaning of [words claimed to constitute a waiver of sovereign immunity,] . . . they are given the effect which makes the least rather than the most change to sovereign immunity." White v.Burns, supra at 312.
Against this background, the Court must first agree with the state that neither of the statutes upon which the plaintiff relies explicitly authorizes an insurer to bring suit against the state to recover any basic reparations benefits it may have paid because of the negligence of a state employee. Section 52-566 obviously does not apply to such an action, since it affords a remedy only to those who have been injured in person or property by the conduct of a state employee, Such a classification obviously does not include an insurance company. Section 38a-369 (c), CT Page 11776 moreover, does not explicitly create such a cause of action, because, though it extends to the insurer the right to sue when any person to whom it has paid benefits has a right of recovery against any "person or organization," it does not explicitly extend such a right when the right of recovery is against the State.
It is true, of course, that the term "person" can be read so broadly as to embrace all legal persons, including the State. If that meaning were intended, however, the statute would not have extended a right of subrogation to insurers for rights of recovery against any person "ororganization," for then the words, "or organization," would be mere surplusage. As a result, the most logical meaning of the word "person", in the context of the statute, is an individual human being, whereas an "organization" is a different type of legal entity which does not logically or necessarily include the State. In sum, the language of Section 38a-369 (c) not only fails to mention the State, but gives alternative evidence that it does not apply to the State.
A second basis for concluding that the language of General Statutes § 38a-369 (c) was not intended to extend the right of recovery set forth in Section 52-566 from injured persons to their insurers is the longstanding refusal of our courts to give a comparably expansive reading to General Statutes § 13a-149, the so-called "defective highway statute." The statute creates a narrow exception to the doctrine of sovereign immunity for claims against municipalities brought by travelers upon the highway who have been injured in their persons or property by highway defects. So drafted, the statute extends a remedy only to travelers upon the highway, not to other classes of persons, and restricts a traveler's remedy to damages for injury to his person or property, not to other consequential damages he may have suffered. Thus it is that claims by other persons and/or for other kinds of damages, even if tied directly to and based as a threshold matter upon the traveler's claim of injury, have been barred by the statute because of its narrow interpretation as a limited exception to the doctrine of sovereign immunity. See Chidsey v. Canton, 17 Conn. 475, 478 (1846). See also Sanzone v. Board of Police Commissioners,219 Conn. 179, 198-99 (1991) (barring a claim for loss of CT Page 11777 consortium by the spouse of an injured traveler upon an allegedly defective highway on the theory that the statute itself does not explicitly permit such a claim).
Our Supreme Court's very recent decision in Quire v.Stamford, 231 Conn. 370, 377 (1994) is not to the contrary. There, the Court reversed the trial court's granting of summary judgment against an intervening plaintiff which had joined in the original plaintiff's action under the defective highway statute to obtain reimbursement for workers' compensation benefits it had paid to the plaintiff as a result of his injuries. There, the Court concluded that the intervention was permissible because the intervening employer's claim for reimbursement under General Statutes § 31-293 (a) was "derived entirely from the plaintiff's right to recover damages against the municipality under § 13a-149[,]" id. at 376, and because "the employer who intervenes in the employee's action as authorized by § 31-293 (a) does not enlarge the amount of the recovery against the municipality's Id. at 377. "Rather," the Quire Court observed
 the employer may only obtain reimbursement for workers' compensation benefits paid to its employee from any damages recovered by the employee. We conclude, therefore, that § 13a-149 does not bar [the intervening employer] from seeking reimbursement from the defendant under § 31-293 (a).
Id.
In this case, by contrast, the effect of permitting liability insurers to file their own independent subrogation actions against the State to recover whatever they pay out in basic reparations benefits to persons injured by State employees will inexorably expose the State to more litigation and to significantly greater expense than if such actions were not allowed. Though the successful prosecution of such an action will surely require proof of the injured person's right to recover damages against the State, such an action can obviously be maintained without the participation of the injured person himself. Indeed, whenever the projected recovery of the injured person does not so substantially exceed the amount of his basic reparations benefits as to make the action CT Page 11778 economically worthwhile, it will frequently occur that there will be no action against the State at all, except,
if the plaintiff's argument is correct, by the insurer-subrogee. It is inconceivable that the General Assembly would have saddled the State with such additional costs, both for defending against such claims and paying any ensuing judgments, without explicitly so stating in the relevant statute, General Statutes § 38a-369(c).
In conclusion, the instant lawsuit seeks to recover damages against the State under laws which do not permit such a recovery, either explicitly or by necessary implication. Instead, these laws clearly suggest, by their silence, that the remedy herein pursued was not within the contemplation of our General Assembly when it enacted them, and thus the instant action is barred by the doctrine of sovereign immunity. Because, to reiterate, it is the law of this State that "[w]here there is any doubt about the meaning of [words claimed to constitute a waiver of implication Instead these laws clearly suggest by their silence, that the remedy herein pursued was not within the contemplation of our General Assembly when it enacted them, and thus the instant action is barred by the doctrine of sovereign immunity. Because, to reiterate, it is the law of this State that "[w]here there is any doubt about the meaning of [words claimed to constitute a waiver of sovereign immunity,] . . . they are given the effect which makes the least rather than the most change to sovereign immunity,"] White v. Burns, supra at 312, the language of Sections 38a-369 (c) and 52-556 must be read not to waive sovereign immunity as to subrogation action brought by insurers to recoup basic reparations benefits paid out to injured persons who themselves have the right to sue the State for their injuries.
For all of the foregoing reasons, the defendants Motion to Strike is hereby granted.
Michael R. Sheldon Judge CT Page 11779