[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Defendant's Motion for Summary Judgment
This is an action to recover damages for personal injuries by Tracy Moore a passenger on a bus which was involved in a collision with an automobile operated by John Woodward Jr.
On April 11, 1989, the plaintiff Tracy Moore was a passenger on a bus operated by defendant. N.S. Management Company, Inc. d/b/a Connecticut Transit when the bus was struck by a motor vehicle operated by John Woodward Jr. Plaintiff brings this action against the defendant bus company, under the uninsured motorists statute to recover for personal injuries sustained in the accident. Plaintiff claims General Statutes § 38-175 mandates the provision of uninsured motorists coverage by the defendant bus company.
On March 24, 1995 defendant filed this motion for summary judgment, claiming that it is a local public transportation bus company owned by the State of Connecticut and therefore, is not required to provide uninsured or underinsured motorist benefits to its passengers pursuant to state statutes. The defendant further argues that the State of Connecticut is not subject to the provisions of General Statutes §§ 38-334 through 38a-336 because the State is not considered a person or owner for purposes of General Statutes §§ 14-26 (a) and 14-29. Additionally, the defendant argues that Connecticut Transit company is an agency of the State of Connecticut and therefore, cannot be sued without the state's consent.
In opposition, the plaintiff argues that General Statutes § 38a-334 (formerly § 38-175a) and § 38a-336
(formerly § 38-175c) require that commercial vehicles carry uninsured motorist coverage, and that the defendant is self insured and is required to carry uninsured or underinsured coverage. Plaintiff further claims that in its contract with H.N.S. Management, the State of Connecticut waived its sovereigns CT Page 6332 immunity.
 I
"That a sovereign state is immune from suit, unless it consents to be sued is the settled law of Connecticut. . . The General Assembly, by appropriate legislation, can waive the state's sovereign immunity from suit and authorize suits against the state." Lacasse v. Burn, 214 Conn. 464, 468,572 A.2d 357 (1990). In State of Connecticut v. City of Hartford,50 Conn. 89 (1882), the court stated:
 It may be stated, we think, as a universal rule in the construction of statutes limiting rights, that they are not to be construed to embrace the government or sovereignty, unless by express terms or necessary implication such appears to have been the clear intention of legislature, and the rights of the government are not to be impaired by a statute unless its terms are clear and explicit, and admit of no other construction.
Id., 90. See also, State v. Chapman, 176 Conn. 362, 366
(1978). No claim has been made that the legislature waived any part of the state immunity related to any requirement to carry Uninsured Motorists coverage.
The provision in paragraph 20 of the contract, between State of Connecticut, Department of Transportation and HNS Management, waiving governmental immunity as a defense "in the adjustment of claims" refers to direct actions against the bus company for tort liability and cannot be construed to waive governmental immunity in this action or to impose any obligation under the uninsured motorist statute.
It is the prevailing rule in Connecticut that unless the statute states either expressly or implicitly that the State is subject to he requirements of a statute, the doctrine of sovereign immunity prevents one from suing the State. The uninsured motorist statute makes no mention of including the State of Connecticut or requiring it uninsured motorists its vehicles, and therefore no requirements exists. Moreover, the defendant as a state agency is immune from the action instituted in this case. CT Page 6333
Defendant's Motion for Summary Judgment granted.
Wagner, J.