SARA LIPWICH *v.* EMIL H. FRANKEL,
COMMISSIONER OF TRANSPORTATION
(15452)

Foti, Heiman and Schaller, Js.

Argued January 14—officially released April 8, 1997

*Steven R. Rolnick*, for the appellant (plaintiff).

*Andrew S. Turret*, for the appellee (defendant).

FOTI, J. The plaintiff appeals from the judgment rendered by the trial court granting the defendant's motion for summary judgment. The plaintiff claims that the trial court improperly (1) rendered summary judgment by incorrectly interpreting applicable statutes and (2) refused the plaintiff permission to amend her complaint. The plaintiff also alleges that the doctrine of sovereign or governmental immunity should be abolished for negligence claims against the state. We affirm the judgment of the trial court.

The plaintiff commenced this action against the defendant commissioner of transportation seeking to recover for personal injuries claimed to have been suffered as a result of a fall on October 8, 1992, on a sidewalk adjacent to the building occupied by the department of motor vehicles (DMV) on State Street in Hamden.

The defendant filed a motion for summary judgment claiming that (1) the department of transportation (DOT) had no statutory duty to maintain or repair the area of the alleged fall and (2) the plaintiff had failed to allege in her complaint that a state agency requested the DOT to maintain the subject sidewalk so as to invoke the provisions of General Statutes § 13b-30.[1] The

---

[1] General Statutes § 13b-30 provides in pertinent part: "Maintenance of roads on state property. From funds appropriated to the Department of Transportation for general operations, the Commissioner of Transportation shall, on request of the state agency having jurisdiction over the property

trial court first addressed the second ground the defendant relied on in support of the motion for summary judgment and concluded that an issue of fact existed as to whether the DMV requested the DOT to maintain the area in question, thus, precluding the granting of summary judgment on that basis.[2] The trial court concluded, however, that the defendant was entitled to summary judgment on the first ground because, as a matter of law, the defendant had no statutory duty to maintain the area where the plaintiff fell. The trial court ruled that, because the action was brought pursuant to General Statutes § 13a-144,[3] the plaintiff's burden was to establish that the defendant had a statutory duty to maintain the area where she fell. The court also determined, from the documents submitted, that the sidewalk where the injury allegedly occurred was not part of the state highway as defined by General Statutes § 13a-14,[4] and concluded that, therefore, any duty on

---

involved, maintain and improve the roads and drives on the grounds of state institutions . . . and other state agencies . . . ."

[2] On appeal, the defendant, as part of his counterstatement of the issues and not as a cross appeal or an alternate reason for affirming the trial court, also claims that the trial court improperly "fail[ed] to grant summary judgment for [the] defendant on the ground that the court lacks subject matter jurisdiction since the complaint fails to allege that the Department of Motor Vehicles requested the Department of Transportation to maintain the sidewalk where the plaintiff alleges to have fallen."

[3] General Statutes § 13a-144 provides in pertinent part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. . . ."

[4] General Statutes § 13a-14 provides: "There shall be a system of state highways which shall include (1) state primary highways, which are highways serving the predominant flow of traffic between the principal towns of this state and between such towns and similar towns of the surrounding states; (2) state secondary highways, which are connecting and feeder high-

the part of the defendant must arise, if at all, by virtue of § 13b-30.[5] The trial court further determined, as a matter of law, that the term "roads and drives" as used in § 13b-30 does not impose responsibility on the defendant, pursuant to § 13a-144, to maintain sidewalks.

## I

The plaintiff claims that § 13b-30 should be read to include sidewalks.[6] She argues that "[t]he trial court's reading of § 13b-30 confuses the [defendant's] general duty of maintenance and repair as established by statutes like [General Statutes] § 13a-91, with a failure to comply with a specific request, pursuant to § 13b-30, from another agency to maintain or improve state owned property under the control of that state agency." She claims further that "[t]he responsibility of the [defendant] under § 13b-30 is based upon the request of another state agency with regard to a specific location on state owned property, not the label which is put on that location." We conclude that in construing § 13b-30, sidewalk is not included within the term "roads and drives."

"[W]hen it is shown that the commissioner has a legal duty to repair or maintain such roads and drives pursuant to § 13b-30, § 13a-144 imposes liability on the commissioner for injuries sustained on those roads and drives as a result of the commissioner's negligence in performing his or her duty." *Amore* v. *Frankel*, 228

ways which supplement the state primary system by serving the predominant flow of traffic between the smaller towns of the state and between such towns and other towns in this state and in surrounding states; and (3) state special service highways, which are highways which provide access from the primary and secondary systems of state highways to federal and state facilities."

[5] See footnote 1.

[6] The plaintiff concedes, and we agree, that the sidewalk where she claims to have fallen is not part of the state highway system as defined under § 13a-14.

Conn. 358, 365, 636 A.2d 786 (1994). Section 13b-30 does not impose a duty on the defendant regarding sidewalks. We must strictly construe any statute in derogation of the doctrine of sovereign immunity. See *Herzig* v. *Horrigan*, 34 Conn. App. 816, 822, 644 A.2d 360 (1994). "In the specific context of statutes in derogation of sovereign immunity, [w]here there is any doubt about [the] meaning or intent [of the statute, it is] given the effect which makes the least rather than the most change in sovereign immunity. . . . [T]he state's sovereign right not to be sued without its consent is not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms . . . ." (Internal quotation marks omitted.) *Hunte* v. *Blumenthal*, 238 Conn. 146, 168, 680 A.2d 1231 (1996) (*Callahan, J.,* dissenting).

The duty under § 13b-30 is to maintain roads and drives. The legislature saw fit not to include sidewalks, although it did include sidewalks in other sections of the statute.[7] We conclude, therefore, that the trial court properly rendered summary judgment.

## II

The plaintiff next argues that the trial court improperly denied her request for permission to amend her complaint to add a count of negligence against the state. The plaintiff claims that she falls within the scope of the "foreseeable class" exception to the doctrine of governmental immunity as set forth by our Supreme Court in *Burns* v. *Board of Education*, 228 Conn. 640, 644, 638 A.2d 1 (1994). We are unpersuaded.

Additional facts are needed for analysis of this claim. The only defendant in this action is the commissioner of transportation. The plaintiff sought to amend her complaint to add a claim against the state for negli-

---

[7] See, e.g., General Statutes §§ 13a-91 (a), 13a-92 and 13a-258.

gence, but the trial court sustained the defendant's objection to this request because "[t]he state of Connecticut is not a party."[8] The record does not disclose that the plaintiff sought and obtained permission from the claims commissioner to file a claim against the state as required by General Statutes § 4-160.[9] We conclude, therefore, that the trial court properly denied the plaintiff's request for permission to amend her complaint.

### III

The plaintiff argues that sovereign immunity should be abolished in Connecticut. She cites other states that have abolished governmental immunity for certain claims through legislative and judicial exceptions.

Our Supreme Court has refused to abrogate the doctrine of governmental immunity by judicial fiat. *Fidelity Bank* v. *State*, 166 Conn. 251, 255, 348 A.2d 633 (1974). "The source of sovereign power in the state of Connecticut is the constitution, and it is recognized that a sovereign is immune from suit 'on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends.' [*Horton* v. *Meskill*, 172 Conn. 615, 623, 376 A.2d 359 (1977)] . . . ." (Citations omitted.) *Herzig* v. *Horrigan*, supra, 34 Conn. App. 818.

"The question whether the principles of governmental immunity from suit and liability can best serve this and succeeding generations has become, by force of the long and firm establishment of these principles as precedent, a matter for legislative, not judicial, determi-

---

[8] The record discloses that the plaintiff first sought unsuccessfully to cite in the state as an additional party defendant. The plaintiff did not appeal from that denial.

[9] General Statutes § 4-160 (a) provides: "When the Claims Commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable."

nation." (Internal quotation marks omitted.) *Fidelity Bank* v. *State*, supra, 166 Conn. 255. The state legislature possesses the authority to abrogate any governmental immunity by statute that the common law gives to the state and municipalities. *White* v. *Burns*, 213 Conn. 307, 312, 567 A.2d 1195 (1990). We, therefore, will not intrude upon the role of the legislature.

The judgment is affirmed.

In this opinion the other judges concurred.