[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Patricia, Peter, Rebecca, Kristen and Michael Martin, filed a nine count complaint against the defendants, the State of Connecticut and Dennis P. Golden, on December 12, 1996. The plaintiffs allege that the defendant state employee, Dennis P. Golden, "negligently and carelessly" made an unsafe left turn in front of the their vehicle, obstructing heir view and thereby causing them to swerve and brake in order to avoid colliding with defendant's vehicle. The plaintiffs allege that said swerving and braking caused their to vehicle skid and strike an on coming vehicle head-on.
On March 21, 1997, the defendant, State of Connecticut, filed a motion to dismiss counts three through nine of plaintiff's complaint on the ground that the doctrine of sovereign immunity deprives the court of subject matter jurisdiction over said counts.
In counts three through seven, plaintiffs, Peter A. Martin, Michael C. Martin, Kristen A. Martin and Rebecca L. Martin, CT Page 11674 husband and children of plaintiff passenger, Patricia A. Martin, bring loss of consortium claims arising from the above described tortious conduct. In count seven, plaintiff, Michael C. Martin, the driver, brings a claim for negligent infliction of emotional distress, alleging an injury resulting from his witnessing the serious injury to his mother, plaintiff passenger, Patricia A. Martin. In counts eight and nine, plaintiffs, Michael C. Martin and Patricia A. Martin each bring claims that the defendant, State of Connecticut, negligently entrusted its vehicle to its state employee.
Pursuant to Practice Book § 143, the defendant has filed a memorandum in support of its motion to dismiss, and the plaintiffs have filed a memorandum in opposition.
The purpose of the motion to dismiss is to attack "the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester,235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1994). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Ambroise v. WilliamRaveis Real Estate, Inc., 226 Conn. 757, 764-65, 628 A.2d 1303
(1993). "[A] state [has] a sovereign right not to be sued without its consent. . . ." Federal Deposit Ins. Corp. v. Peabody. N.E.,Inc., 239 Conn. 93, 104, 680 A.2d 1321 (1996). Thus, "the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Id., 99.
As a state "is immune from suit unless the state, by appropriate legislation, consents to be sued." Id. 101; "When a state waives that immunity by statute . . . a party attempting to sue under the legislative exception must come clearly within its provisions . . . ." Id.
The state argues in its memorandum in support of its motion to dismiss that the relevant Connecticut statute, General Statutes § 52-566,[1] waiving sovereign immunity, only cognizes the negligent operation of a motor vehicle and therefore does not CT Page 11675 cognize (1) loss of consortium; or (2) negligent entrustment; or (3) negligent infliction of emotional distress.
The plaintiffs' memorandum in opposition to defendant's motion to dismiss declines to brief its loss of consortium claims and its negligent entrustment claim, choosing instead to "leave to this court [the task] of decid[ing the matter] . . . based on present statutes and caselaw."
"General Statutes § 52-556 creates a cause of action against the state [for injuries to persons and property resulting from the negligent operation of an automobile by a state official or employee] and, thus, represents a statutory exception to the common law rule of sovereign immunity." Rivera v. Fox,20 Conn. App. 619, 622, 569 A.2d 1137, cert. denied, 215 Conn. 808,576 A.2d 538 (1990). "[S]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed";Federal Deposit Ins. Corp. v. Peabody. N.E., Inc., supra,239 Conn. 102; thus, our courts have construed such statutes so as to "[effect] the least rather than the most change in sovereign immunity." Id.; White v. Burns, 213 Conn. 307, 312 (1990).
The Connecticut Supreme Court has ruled on the propriety of loss of consortium claims brought under statutes in derogation of sovereign immunity. In Sanzone v. Board of Police Comm'rs,219 Conn. 179, 199, 592 A.2d 912 (1991),[2] the court explicitly held that General Statutes § 13a-149, the defective highway statute, which permits suit against a municipality for injury resulting from a defective road or bridge, did "not permit damages for loss of consortium . . . [it only] permit[ted] recovery . . . for the injured traveler." Id. See also, Amore v.Frankel, 29 Conn. App. 565, 569-73, (1992), rev'd on other grounds, 228 Conn. 358, 636 A.2d 786 (1994) ("It is well established that [through § 13a-144] the state has expressly consented to being sued . . . [but] the second count of the plaintiff's complaint sets forth a loss of consortium claim, [which] claim the legislature was unwilling to recognize.").
Connecticut courts have similarly reasoned that "where the state consents to suit, it does not consent to liability unless such consent is disclosed by the use of express terms or by force of a necessary implication." (Internal quotation marks omitted.)White Oak Corporation v. Department of Transportation,217 Conn. 281, 297, 585 A.2d 1199 (1991). See American ManufacturersCT Page 11676Mutual Ins. Co. v. State, Superior Court, judicial district of Hartford at Hartford, Docket No. 533136 (November 23, 1994,Sheldon, J.) (13 Conn. L. Rptr. 86, 87) (analogizing plaintiff's claim for injuries brought under § 52-556 to one brought for injuries under § 13-149, the defective highway statute, and refusing to extend the right of recovery set forth in § 52-556 to insurance carriers as "the statute extends a remedy only to travelers upon the highway, not to other classes of persons, and restricts a traveler's remedy to damages for injury to his person or property, not to other consequential damages he may have suffered. Thus it is that claims by other persons and/or for other kinds of damages, even if tied directly to and based as a threshold matter upon the traveler's claim of injury, [are] barred by statute because of its narrow interpretation as a limited exception to the doctrine of sovereign immunity."), citing Sanzone v. Board of Police Comm'rs, supra, 219 Conn. 198-99; see also Murphy v. Ives, 151 Conn. 259, 263,196 A.2d 596 (1963) ("[T]he words of the statute clearly are not subject to a construction permitting [plaintiff's common law nuisance claim], for the only consent to sue given, [was] a consent to the maintenance of the statutory action. . . . If . . . recovery is sought in a common-law action, the quoted statute does not confer the requisite consent and no suit is maintainable.); Bacon v.Rocky Hill, 126 Conn. 402, 406, 11 A.2d 399 (1940).
The relevant statute, and the case law construing it, decline to extend the state's liability to suit beyond the express language of the statute. Therefore the defendants' motion to dismiss counts three, four, five and six, eight and nine of plaintiffs' complaint is granted.
As to count seven, the negligent infliction of emotional distress claim, the plaintiff, Michael C. Martin, argues that he meets the test[3] set forth by the Connecticut Supreme Court when it recognized a bystander emotional distress claim inClohessy v. Bachelor, 237 Conn. 31, 46, 675 A.2d 852 (1996).
The state argues that General Statutes § 52-556 does not authorize a cause of action for negligent infliction of emotional distress. While it is the province of the Connecticut Supreme Court to recognize a new cause of action; see id.; "it is a matter for the legislature, not the court, to determine when our state's sovereign immunity should be waived." Chotkowski v.State, 240 Conn. 246, 258, 690 A.2d 368 (1997); see alsoLipwich v. Frankel, 44 Conn. App. 651, 654, ___ A.2d ___ (1997) CT Page 11677 ("the state's sovereign right not to be sued without its consent is not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms. . . .") (Internal quotation marks omitted.) Therefore the defendants' motion to dismiss the seventh count of the plaintiffs' complaint is likewise dismissed as the applicable case law declines to extend the state's liability to suit beyond the express language of the statute.
Zoarski, J. Judge Trial Referee