[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
FACTS
This action for personal injury arises out of a slip and fall incident which occurred on December 20, 1999 in the Town of East Hampton, Connecticut. The plaintiff claims that while walking on a sidewalk which runs parallel to West High Street, directly in front of 13 West High Street, in the Town of East Hampton, she was caused to fall due to a condition of the sidewalk. In the first count, the plaintiff has brought an action against the Commissioner of Transportation pursuant to Connecticut General Statutes § 13a-144.
In the second and third counts of the complaint, the plaintiff has brought actions against the defendants Prakash Huded and Smuggle Huded.
In the first count the plaintiff alleges that the location of her fall was a public sidewalk "controlled, possessed, managed or maintained by the defendant Commissioner of Transportation." In the second count the plaintiff alleges "because the only path for patients and others to take from the parking lot to the doctors' offices is over the public sidewalk, the defendant doctors had a duty to provide a safe path for patients and others visiting the office." In the third count the plaintiff alleges "at all times herein mentioned, said sidewalk was owned, controlled, possessed, managed and/or maintained by the defendants."
The defendant Commissioner has moved to dismiss and the defendant doctors have brought a motion for summary judgment. The Commissioner claims that there is no material dispute of fact concerning the department of transportation's obligation to maintain the sidewalk in question. The doctors also claim that there is no material dispute of fact concerning their obligation to maintain the sidewalk in question. CT Page 1633
THE COMMISSIONER'S MOTION TO DISMISS
The action against the Commissioner is based upon Connecticut General Statutes § 13a-144 which provides in pertinent part:
 Any person injured in person or property through the negligence or default of the State or of any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the Commissioner in the Superior Court . . .
Since there is no right of action against the state at common law, in order to recover, the plaintiff must bring herself within the requirements of § 13a-144. White v. Burns, 213 Conn. 301, 321
(1990). Because the action against the Commissioner is pursuant to a statutory remedy, failure to come within the statute produces a jurisdictional defect. For this reason, the Commissioner has filed a motion to dismiss claiming absence of subject matter jurisdiction.
The State concedes that the area where the plaintiff fell is within the state right of way. However, the State argues that it is not an area which the State has the obligation to maintain. The State claims that the general rule is that the Commissioner of Transportation has a duty to maintain only those sidewalks for which a statute confers such a duty upon the Commissioner. Amore v. Frankel, 228 Conn. 358, 365 (1994). The reason for this rule is that sidewalks and vehicular portions of the state highway serve different purposes. MacArthur v. Town of Suffield etal., 12 Conn.L.Rptr. No. 9, 280, 281 (September 26, 1994).
The legislature has specifically designated a limited number of sidewalks which the Commissioner has the duty to maintain. These include sidewalks on bridges (General Statutes § 13a-91 (a) and General Statutes § 13a-92) and sidewalks abutting property acquired for highway purposes during construction. (General Statutes § 13a-258.) However, the State argues that in the normal situation while it has a general duty to maintain roads and drives pursuant to § 13b-30, § 13b-30 does not impose a duty on the Commissioner regarding sidewalks. Lipwich v. Frankel, 44 Conn. App. 651, 654-55 (1997).
An affidavit signed by George Warren and a survey available to the plaintiff make it unequivocally clear that the sidewalk in front of 13 West High Street, East Hampton is within the state right of way line. Mr. Warren's affidavit equally makes it clear that in his opinion the CT Page 1634 "sidewalk in front of 13 West High Street, East Hampton, Connecticut is not part of the state highway system." The plaintiff presents no counter affidavit or evidence that would support a finding that the highway is part of the state system. The court finds that the state's duty to maintain sidewalks pertains only to sidewalks within its highway system. Since there is no material dispute of fact that this sidewalk is not within the state system, the motion to dismiss as to the defendant Commissioner is granted.
SUMMARY JUDGMENT CLAIMS OF DEFENDANT DOCTORS
Because the action against the defendant doctors is not a statutory action, an absence of obligation to maintain the sidewalk in question would not affect subject matter jurisdiction. Accordingly, although the doctors make claims somewhat similar to the state, their claims are appropriately litigated as a motion for summary judgment.
The defendant doctors rely on Willoughby v. the City of New Haven,123 Conn. 446, 451 (1937) and Dreher v. Joseph, 69 Conn. App. 257 (2000) for the proposition that absent a statute or ordinance expressly authorized by the town charter to the contrary, Connecticut does not recognize a cause of action against landowners adjacent to public sidewalks for injuries caused by defective sidewalks. The defendants further rely on three trial court decisions to support their request for summary judgment. In Jabs v. Verardi et al., 201 WL 358871 (Conn.Super.). The plaintiff brought a two count complaint against the defendants Linda Verardi and the City of Bristol. The court concluded that there was no ordinance of the City of Bristol shifting liability and granted summary judgment for the landowner. In Radley v. Town ofWestbrook et al., 199 WL 203805 (Conn.Super.) the plaintiff, Ann Radley, filed a two count complaint against the Town of Westbrook and First Westbrook Properties alleging that the defendants failed to maintain the sidewalk where the plaintiff fell and sustain serious injuries. The court granted a summary judgment in favor of the defendant First Westbrook Properties holding that the Town had no authority to shift responsibility for care of public sidewalks to the property owner. In Hutchinson v. City of Danbury et al., 1999 WL 73790 (Conn.Super.), the plaintiff, Yolanda Hutchinson, brought an action against the City of Danbury and the Housatonic Habitat for Humanity Inc. in two counts. The second count sought to impose liability upon the defendant Habitat for Humanity Inc. as the owner of 112 Elm Street the property abutting the area on the sidewalk where the plaintiff fell. The court found that Danbury had no authority to shift the responsibility and granted a motion to strike in favor of the defendant Housatonic Habitat for Humanity Inc.
The above cited authorities make it clear that the mere fact that a CT Page 1635 property owner's land abuts a sidewalk where a fall occurs does not render the property owner liable. These trial court cases make it clear that, absent the statutorily authorized shift in liability for ice and snow, municipalities cannot shift a responsibility for municipal sidewalks to abutting property owners.
In the instant case the plaintiff's theory is somewhat different than in any of the previously cited cases. Here there are facts from which a jury could find that the sidewalk I defect was approximately 7 feet west of the center line of the wood ramp leading from the sidewalk to the front door of the building at 13 West High Street. Further the jury could find that the defect is approximately 11 feet 4 inches east of a signpost located on the property at 13 West High Street. A jury could find that the only way a patient can enter 13 West High Street by way of its front door is to walk up the entire length of the wooden ramp from the sidewalk in front of the property. In order to walk from the parking lot to the foot of the wooden ramp leading to the door at 13 West High Street a patient must walk on that part of the sidewalk that contained the claimed defect.
The plaintiff was going to the doctors' office at the time of the fall. The plaintiff characterizes herself as a business invitee and in essence relies on two Superior Court cases, Major v. The City of NewLondon, 27 Conn.L.Rptr. No. 6, 217 (July 24, 200) and Desy et al. v.Montano et al., 13 Conn.L.Rptr. No. 15, 483 (April 10, 1995). Each of these trial court opinions was authored by Judge Corradino. Judge Corradino acknowledges that ordinarily an abutting landowner, in the absence of a statute or ordinance, has no duty to keep public sidewalks reasonably safe. However, he notes:
 "Questions of control and maintenance do not constitute the whole universe of negligence law as it applies to premises liability. Premises liability in fact can be viewed as a subcategory of negligence law and is specialized insofar as it takes account of the particular concerns raised by imposing liability on landowners. . . . Given the fact that there is evidence to believe that the defect causing the fall was very close to the entrance, under the reasoning of Desy the court is not prepared to take the issue of negligence from a jury. An establishment cannot invite patrons to enter and exit its business when it knows or should have known of a defect that could cause injury by use of that entry or exit."
Major supra. CT Page 1636
Finally, Judge Corradino writes:
 "In other words, it can be said, at common law, interested as it was in property ownership, that liability would not be imposed on abutting landowners or landlords in general when a person trips on a defect the landlord did not create or where the defect exists on property adjacent to a landowner's property but over which he or she has no control. It is entirely something else to preclude liability when a store owner or business invites people to enter and exit a particular location use of which presents a danger."
Major supra.
The court concludes that a jury could find that the defendant doctors owned and controlled the parking lot and owned and controlled the office building and that the only feasible way to proceed from one to another as a business invitee was over the defective sidewalk. Adopting the reasoning of Judge Corradino in Major and Desy, the motion for summary judgment as to count two is denied.
As to count three, the plaintiff appears to have alleged merely that the defendants owned, controlled, possessed, managed or maintained the sidewalks. There appears to be no dispute of material fact and no evidence supporting this claim. Accordingly, as to count the motion for summary judgment is granted.
 CONCLUSION
The Commissioner's motion to dismiss count one is granted. The doctors' motion for summary judgment on count two is denied. The doctors' motion for summary judgment on count three is granted.
By the Court,
Kevin E. Booth Judge of the Superior Court